Filed 4/29/16  P. v. Lozano CA2/1

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B266357 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA108404) |
| v. | |
| PETER LOZANO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Wade Olson, Judge.  Affirmed.

_____

California Appellate Project, Jonathan Steiner, Executive Director, and Jennifer Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Shawn McGahey Webb and Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

An information charged defendant Peter Lozano with one count of second degree robbery and alleged certain recidivism enhancements, including a strike prior. (Pen. Code, §§ 211;[1] 667, subds. (a) & (b)-(i); 1170.12; 667.5, subds. (a)(1) & (b).) Pursuant to a plea bargain, defendant pleaded no contest to the robbery count and admitted the strike prior, and the court sentenced him to four years in prison. The court also imposed certain fines and assessments, including a crime prevention program fine in the amount of $10 pursuant to section 1202.5, to which the court added $29 in penalty assessments and $2 surcharge (section 1202.5 fine).[2] The court made no express finding as to defendant's ability to pay the section 1202.5 fine, and defendant did not object to any of the fines or assessments.

On appeal, defendant contends that the court erred by failing to consider defendant's financial situation before imposing the section 1202.5 fine and, if he forfeited this argument by failing to raise it below, he was thereby deprived of the effective assistance of counsel. We conclude that the first argument has been forfeited and that defendant has failed to establish that his attorney was constitutionally deficient.

**DISCUSSION**

Section 1202.5 provides that when a defendant is convicted of robbery and other enumerated offenses, "the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed. If the court determines that the defendant has the ability to pay all or part of the fine, the court shall set the amount to be reimbursed and order the defendant to pay that sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability. In making a determination of whether a defendant has the ability to pay, the court shall

---

[1] All subsequent statutory references are to the Penal Code unless otherwise indicated.

[2] As defendant notes, although the record of the sentencing hearing indicates a $41 section 1202.5 fine, the abstract of judgment states that the fine is $39. Defense counsel expressly waived the recitation of statutes upon which the court based the $29 in penalty assessments.

take into account the amount of any other fine imposed upon the defendant and any amount the defendant has been ordered to pay in restitution." (§ 1202.5, subd. (a).)

Initially, we reject the Attorney General's suggestion that the trial court need not determine whether the defendant has the ability to pay the fine even if the defendant raises the issue in that court. According to the Attorney General, although the first sentence of the statute imposes a mandatory duty to impose the fine, the use of the conditional word "[i]f" in the second sentence means that the court is permitted, but not required, to consider a defendant's ability to pay it. We disagree and construe the "if" clause to mean that the court can determine either that the defendant has the ability to pay the fine or does not have the ability to pay the fine; not that it may decline to determine the matter at all. (See *People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1531 [under section 1202.5, "the trial court must decide whether to impose" the full fine, a lesser amount, or none at all].) So construed, the failure to make a determination of the defendant's ability to pay is error.

" 'Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal.' [Citation.]" (*People v. McCullough* (2013) 56 Cal.4th 589, 593 (*McCullough*).) This forfeiture rule applies to sentencing issues when, as a result of the defendant's failure to object, alleged factual errors were not raised or developed in the record. (*Id.* at p. 594.)

In *People v. Crittle* (2007) 154 Cal.App.4th 368, the court made no finding of the defendant's ability to pay the section 1202.5 fine and the record included no evidence of his ability to pay it. The Court of Appeal held that the defendant forfeited any claim of error by failing to object to the ruling below. (*Id.* at p. 371.) *Crittle* relied on *People v. Gibson* (1994) 27 Cal.App.4th 1466, which applied the forfeiture rule where the defendant failed to object to $2,200 in restitution fines based on his inability to pay. The *Gibson* court explained: "[T]he need for orderly and efficient administration of the law—i.e., considerations of judicial economy—demand that defendant's failure to object in the trial court to imposition of the restitution fine should preclude him from contesting

3

the fine on appeal. [Citations.] . . . Requiring the defendant to object to the fine in the sentencing court if he or she believes it is invalid places no undue burden on the defendant and ensures that the sentencing court will have an opportunity to correct any mistake that might exist, thereby obviating the need for an appeal. Conversely, allowing the defendant to belatedly challenge a restitution fine in the absence of an objection in the sentencing court results in the undue consumption of scarce judicial resources and an unjustifiable expenditure of taxpayer monies. It requires, in almost all cases, the appointment of counsel for the defendant at taxpayers' expense and the expenditure of time and resources by the Attorney General to respond to alleged errors which could have been corrected in the trial court had an objection been made. Moreover, it adds to the already burgeoning caseloads of appellate courts and unnecessarily requires the costly depletion of appellate court resources to address purported errors which could have been rectified in the trial court had an objection been made. This needless consumption of resources and taxpayer dollars is unacceptable, particularly since it greatly exceeds the amount of the fine at issue. Statewide, taxpayers are spending hundreds of thousands of dollars on challenges to relatively minuscule restitution fines." (*Id.* at p. 1469; see also *People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1112 [where the defendant did not raise her ability to pay a $34 section 1202.5 fine, "neither justice nor common sense justifies further expense to conduct a hearing on defendant's ability to pay, absent any indication that she lacks the ability to pay"].)

After *Crittle*, our Supreme Court applied the forfeiture rule in two cases where the defendant failed to object to fees and fines imposed at the sentencing hearing: *McCullough*, *supra*, 56 Cal.4th 589 and *People v. Trujillo* (2015) 60 Cal.4th 850 (*Trujillo*). In *McCullough*, the defendant failed to object to the imposition of a $270.17 booking fee, which the court could impose " '[i]f the person has the ability to pay.' " (*McCullough*, *supra*, at p. 592, quoting Gov. Code, § 29550.2, subd. (a).)[3] The court

---

[3]     Government Code section 29550.2, subdivision (a) provides: "Any person booked into a county jail pursuant to any arrest . . . is subject to a criminal justice administration fee for administration costs incurred in conjunction with the arresting and booking if the

4

stated that, "because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*McCullough*, *supra*, at p. 597.)  This is true even though "the People [have] the burden of proving a defendant's ability to pay a booking fee." (*Id.* at p. 598.)  The court observed that the rationale for forfeiture is "particularly strong" where the fee is "de minimis and [the Legislature] has interposed no procedural safeguards or guidelines for its imposition." (*Id.* at p. 599.)

The *McCullough* court left open the question whether its holding applied to other fees and fines where the statute provided "procedural requirements or guidelines for the ability-to-pay determination." (*McCullough*, *supra*, 56 Cal.4th at p. 598.)  Among examples of such statutes, the court referred to Health and Safety Code section 11372.7, which imposes a "drug program fee if it 'is reasonable and compatible with the person's financial ability,' including the financial impact of 'any fine imposed upon that person and any amount that person has been ordered to pay in restitution.' " (*Id.* at p. 599, quoting Health & Saf. Code, § 11372.7, subd. (b).)  As a result, there remained a question after *McCullough* whether the forfeiture rule applied to fines imposed under Health and Safety Code section 11372.7.  Because the pertinent language in that statute is also used in section 1202.5, the same question existed as to fines imposed under section 1202.5.

In *Trujillo*, the Supreme Court addressed the question it left open in *McCullough*. The defendant in *Trujillo* made no objection when the trial court imposed a presentence

---

person is convicted of any criminal offense relating to the arrest and booking.  The fee which the county is entitled to recover pursuant to this subdivision shall not exceed the actual administrative costs, . . . incurred in booking or otherwise processing arrested persons.  If the person has the ability to pay, a judgment of conviction shall contain an order for payment of the amount of the criminal justice administration fee by the convicted person, and execution shall be issued on the order in the same manner as a judgment in a civil action, but the order shall not be enforceable by contempt.  The court shall, as a condition of probation, order the convicted person to reimburse the county for the criminal justice administration fee."

investigation fee and a probation supervision fee pursuant to section 1203.1b. (*Trujillo*, *supra*, 60 Cal.4th at pp. 854-855.) Under that statute, the trial court must order the defendant to appear before a probation officer, who then determines the defendant's ability to pay all or a portion of the costs of probation supervision and the preparation of a presentence report. In making that determination, the probation officer must take into account any amount the defendant is ordered to pay in fines, assessments, and restitution. The probation officer must also inform the defendant that he or she is entitled to counsel and a hearing to determine the defendant's ability to pay. The defendant can waive that hearing " 'by a knowing and intelligent waiver.' " (*Id.* at p. 855, quoting § 1203.1b, subd. (a).) If, as in *Trujillo*, the defendant does not waive the hearing, the court must schedule a hearing and determine the amount of the reasonable costs the defendant has the ability to pay. (*Trujillo*, *supra*, 60 Cal.4th at p. 855.)

At the sentencing hearing in *Trujillo*, the trial court imposed the challenged fees based on the probation officer's report without any objection by the defendant. (*Trujillo*, *supra*, 60 Cal.4th at p. 855.) On appeal, the defendant argued that the court erred by failing to determine her ability to pay. (*Id.* at p. 854.) She asserted that *McCullough* did not apply because section 1203.1b includes procedural safeguards not present in the booking fee statute at issue in *McCullough*. (*Id.* at p. 858.) The *Trujillo* court rejected this argument, holding that the forfeiture rule applied even though the statute includes "procedural safeguards . . . such as the right to counsel and to present evidence and argument." (*Ibid.*) Because " 'counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing' " and " '[r]outine defects . . . are easily prevented and corrected if called to the court's attention,' " it "is appropriate" "to place the burden on the defendant to assert noncompliance with section 1203.1b in the trial court as a prerequisite to challenging the imposition of probation costs on appeal." (*Trujillo*, *supra*, 60 Cal.4th at p. 858.)

Although neither *McCullough* nor *Trujillo* addressed section 1202.5, together they support the application of the forfeiture rule here. Defendant's section 1202.5 fine—a total of $41—is significantly less than the booking fee the *McCullough* court

6

described as "de minimus." (*McCullough*, *supra*, 56 Cal.4th at p. 599)  To the extent that section 1202.5 includes "guidelines" concerning the ability to pay that arguably place the statute beyond the reach of *McCullough*'s holding, the statute is well within the broader scope of *Trujillo,* which applied the forfeiture rule to a statute with "procedural safeguards" greater than section 1202.5.  Moreover, all the reasons cited by *McCullough*, *Trujillo*, and *Gibson* for the forfeiture rule—fairness to the trial court, encouraging parties to bring errors to the attention of the trial court for prompt correction, development of a record, and judicial economy—support the application of the rule here.  If defendant believed he did not have the ability to pay the de minimus section 1202.5 fine, he could have raised it at the sentencing hearing, which would have prompted the trial court to receive evidence and make the required finding.  If the court then found that defendant was not able to pay the fine, this appeal would have been unnecessary.  If, on the other hand, the court found that defendant did have the ability to pay and imposed the fine, we would have a record for evaluating the correctness of the ruling.  By failing to raise the issue below, the defendant has prevented the court from correcting any error, deprived us of a proper record, and impeded the "orderly and efficient administration of the law."  (See *Gibson*, *supra*, 27 Cal.App.4th at p. 1469.)  It is thus appropriate to apply the forfeiture rule in this case.

Defendant argues that *Trujillo* is distinguishable because section 1203.1b allows a defendant to obtain in the trial court posthearing review of the ability to pay.  Indeed, as the *Trujillo* court observed, a defendant who fails to raise the ability to pay issue at the sentencing hearing "is not wholly without recourse" because the statute permits the trial court to hold additional hearings during the probationary period to review the defendant's ability to pay based on " 'a change of circumstances.' "  (*Trujillo*, *supra*, 60 Cal.4th at pp. 860-861; see also *People v. Aguilar* (2015) 60 Cal.4th 862, 868.)  Although the *Trujillo* court pointed to this aspect of section 1203.1b for further support, it does not appear from the opinion that it is essential to the court's holding, and it does not alter our conclusion.

We also reject defendant's argument that his counsel's failure to assert an objection to the section 1202.5 fine deprived him of his constitutional right to the effective assistance of counsel. To establish a claim of ineffective assistance, the defendant must show that his counsel's performance "fell below an objective standard of reasonableness" evaluated "under prevailing professional norms." (*Strickland v. Washington* (1984) 466 U.S. 668, 688; accord, *People v. Ledesma* (1987) 43 Cal.3d 171, 216 (*Ledesma*).) If defendant establishes that counsel's performance was deficient, he is entitled to relief only if he also establishes that he was prejudiced by counsel's dereliction. (*Strickland v. Washington*, *supra*, 466 U.S. at pp. 691-692; accord, *Ledesma*, *supra*, 43 Cal.3d at p. 217.) In order to show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland v. Washington*, *supra*, at p. 694.) The defendant bears the burden of proof on these issues by a preponderance of the evidence. (*Ledesma*, *supra*, at p. 218.)

"[W]hen the reasons for counsel's actions are not readily apparent in the record, we will not assume constitutionally inadequate representation and reverse a conviction unless the appellate record discloses ' "no conceivable tactical purpose" ' for counsel's act or omission." (*People v. Lewis* (2001) 25 Cal.4th 610, 674-675.) Here, the record does not indicate why defendant's counsel failed to object to the imposition of the section 1202.5 fine. It is possible, however, that counsel was silent because she had knowledge that defendant had the ability to pay the fine and that any hearing on the issue would have established that fact. (See *People v. Price* (1991) 1 Cal.4th 324, 387 [counsel does not render ineffective assistance by failing to make motions or objections that counsel reasonably determines would be futile].) Alternatively, counsel might well have thought it unwise to raise so trivial an issue. Moreover, because defendant has not established that he did not have the ability to pay the fine, he has not shown that the result of the proceeding would have been different if counsel asserted an objection. We therefore reject his ineffective assistance claim.

**DISPOSITION**

The judgment is affirmed.

ROTHSCHILD, P. J.

We concur:

JOHNSON, J.

LUI, J.

9