[No. C061208. Third Dist. July 19, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
DIANE DAWN KNIGHTBENT, Defendant and Appellant.

## COUNSEL

Peter Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Catherine Chatman, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**RAYE, J.**—In this case, the services of an appointed counsel and a deputy attorney general, together with three justices and staff of this court, are applied to the resolution of a single issue: whether the court's order imposing a $34 fine on defendant was proper under Penal Code section 1202.5,

subdivision (a) (hereafter section 1202.5(a)).[1] Defendant argues the court erred and the fine must be reduced to $10.

■ We shall conclude that indeed the court erred, but the error benefitted defendant and, as the Attorney General correctly asserts, the court should have imposed a total fine of $66. We shall modify the judgment accordingly and affirm in all other respects.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was accused of second degree robbery (§ 211) and second degree burglary (§ 459). She pled guilty to second degree robbery, with the burglary count and the charges in two separate cases dismissed with a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396].) On February 17, 2009, the trial court denied probation and sentenced defendant to two years in prison (the low term).

The trial court also imposed fees and fines which included a total assessment of $34 pursuant to Penal Code section 1202.5(a), as follows: $10 under section 1202.5(a) itself; $2 under Government Code section 70373, subdivision (a); $5 under Government Code section 70372, subdivision (a); $10 under Penal Code section 1464; and $7 under Government Code section 76000.

According to the probation report, on April 12, 2008, defendant was seen walking through a grocery store, putting items in a bag. When she moved toward the exit, the manager approached her and said, "Excuse me." She ran out the door, carrying the bag, and got into a sport utility vehicle in the parking lot. When the manager stood by the driver's side door and asked defendant to return to the store, she told him to leave her alone, then shifted into reverse and backed away, knocking the manager to the ground.

## DISCUSSION

## I

Defendant contends that because section 1202.5(a) on its face provides for a fine of $10, the trial court exceeded its jurisdiction by imposing additional penalty assessments thereunder. Defendant is wrong. Her argument depends on the false premise, for which she cites no authority, that the fine required by section 1202.5(a) is a restitution fine to which no further assessments may

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

be added. In reality, the fine is not a restitution fine, and the additional assessments the court imposed are mandatory.

Section 1202.5(a) provides: "In any case in which a defendant is convicted of any of the offenses enumerated in Section 211 . . . , the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed. If the court determines that the defendant has the ability to pay all or part of the fine, the court shall set the amount to be reimbursed and order the defendant to pay that sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability. In making a determination of whether a defendant has the ability to pay, the court shall take into account the amount of any other fine imposed upon the defendant and any amount the defendant has been ordered to pay in restitution."

■ Fines collected under section 1202.5 are used to "implement, support, and continue local crime prevention programs" and "shall be in addition to, and shall not supplant funds received for crime prevention purposes from other sources." (§ 1202.5, subd. (b)(1), (2) (hereafter section 1202.5(b)).)

■ "The Legislature has superimposed onto the base fine scheme a number of penalties, assessments, fees, and surcharges," which attach to "almost all . . . fines" imposed in criminal cases. (*People v. Sorenson* (2005) 125 Cal.App.4th 612, 617 [22 Cal.Rptr.3d 8540] (*Sorenson*).)

■ The $10 obligation pursuant to Penal Code section 1202.5(a) is a criminal fine, and the statute does not state that additional assessments, penalties, and surcharges may not be imposed thereunder. Therefore, a section 1202.5 fine is subject to the following additional assessments, surcharge, and penalties, which the Legislature has expressly provided must be added to any criminal fine: (1) a $10 penalty assessment pursuant to Penal Code section 1464, subdivision (a)(1); (2) a $7 penalty assessment pursuant to Government Code section 76000, subdivision (a)(1); (3) a $2 penalty assessment pursuant to Government Code section 76000.5, subdivision (a)(1); (4) a $2 state surcharge pursuant to Penal Code section 1465.7, subdivision (a); (5) a state court construction penalty of $5 or less pursuant to Government Code section 70372, subdivision (a)(1); (6) a $1 DNA penalty pursuant to Government Code section 76104.6, subdivision (a)(1); and (7) a $1 DNA state-only penalty pursuant to Government Code section 76104.7, subdivision (a). (*People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1528–1530 [98 Cal.Rptr.3d 1] (*Castellanos*).)

■ According to defendant, however, the fine required by section 1202.5 is "comparable to" a restitution fine under section 1202.4, which is exempt from additional penalties and surcharges, or to the similar restitutionary fine

collected in cases of sexual offenses against children for purposes of child abuse prevention. (§ 294; see *People v. Hong* (1998) 64 Cal.App.4th 1071, 1078–1079 [76 Cal.Rptr.2d 23] (*Hong*).) But restitution fines under section 1202.4 are exempt from additional penalties and surcharges because the Legislature expressly said so (§ 1202.4, subd. (e); *Sorenson, supra,* 125 Cal.App.4th at p. 617; *People v. McHenry* (2000) 77 Cal.App.4th 730, 734 [91 Cal.Rptr.2d 877]), and the section 294 fine is also labeled a "restitution fine" with a statutory maximum (§ 294, subds. (a), (b)). By contrast, section 1202.5 does not state that it imposes a restitution fine or one which is exempt from additional penalties and surcharges. On the contrary, the statute expressly distinguishes the fine from "any amount the defendant has been ordered to pay in restitution" (§ 1202.5(a))—a distinction which makes clear that the Legislature did not consider this fine a restitution fine.

■ Furthermore, defendant's reasoning by analogy is unpersuasive. She asserts: "[F]or fines collected under [section] 294, the monies are to be used to prevent future child abuse; for the funds collected under . . . section 1202.5, they are to be used to prevent crime in the locality. These objectives are quite similar." But she fails to spell out the similarity, and we fail to see it. Section 294's fine is imposed on defendants convicted of child abuse; thus, it serves the restitutionary purposes of rehabilitating the offender and deterring future criminal conduct of the kind he has committed. (Cf. *People v. Franco* (1993) 19 Cal.App.4th 175, 182 [23 Cal.Rptr.2d 475].) But the section 1202.5 fine is imposed on defendants convicted of a range of crimes including robbery, carjacking, burglary, various theft offenses, and vandalism, and the monies collected are not specifically directed toward the prevention of any of those crimes in particular. (§ 1202.5(a), (b).)

Defendant further asserts that we should deem section 1202.5's fine a restitution fine because the court in *Hong, supra,* 64 Cal.App.4th 1071 "considered" the section 294 fine to be "part of the statutory scheme of restitution." But the *Hong* court drew this conclusion from the statute's plain language, which expressly provides that the fine thereunder is a "restitution fine . . . to be deposited in the Restitution Fund." (§ 294, subds. (a), (b); see *Hong, supra,* 64 Cal.App.4th at p. 1078, fn. 5.) As there is no such language in section 1202.5, *Hong* is inapposite.

Because the trial court was required to impose all the additional penalties, surcharges, and assessments it did impose on the $10 fine under section 1202.5, defendant's contrary argument fails.

## II

Relying on *Castellanos, supra,* 175 Cal.App.4th at pages 1527 through 1530, the People assert that the trial court failed to impose three assessments

required by law to be added to a Penal Code section 1202.5 fine: two DNA identification fund penalties of $1 each (Gov. Code, §§ 76104.6, subd. (a), 76104.7, subd. (a)) and the $2 state surcharge (Pen. Code, § 1465.7, subd. (a)). Defendant makes no response to this point, apart from her erroneous claim that the court could not lawfully impose any sum over $10 under section 1202.5.

### III

The People also assert that the $2 court facilities assessment the trial court imposed (Gov. Code, § 70373, subd. (a)(1)) should have been $30, because that is the sum provided for in the statute.[2] Defendant replies that to impose this assessment would violate the ex post facto prohibition and the Penal Code provision against retroactivity (§ 3) because the Government Code provision took effect after the date of defendant's crime. The People are correct.

Government Code section 70373, subdivision (a)(1) (hereafter Government Code section 70373(a)(1)) provides, in part: "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense . . . . The assessment shall be imposed in the amount of thirty dollars ($30) for each . . . felony . . . ." This provision was added to the Government Code by Statutes 2008, chapter 311, section 6.5; thus, its effective date is January 1, 2009. (*People v. Brooks* (2009) 175 Cal.App.4th Supp. 1, 3–4 [99 Cal.Rptr.3d 221] (*Brooks*).) As noted above, defendant committed her crime on April 12, 2008, and was sentenced on February 17, 2009.

█ In *Brooks, supra*, 175 Cal.App.4th Supp. 1, the court rejected the very ex post facto claim raised by defendant here. The court noted that the state Supreme Court had rejected a similar attack on the court security fee under Penal Code section 1465.8, finding that that statute was not an ex post facto law

---

[2] The $2 assessment actually imposed was recommended without explanation by the probation officer. As we shall explain, the statute has provided since its enactment (Stats. 2008, ch. 311, § 6.5) that the assessment thereunder is $30.

In support of her argument that imposing a $30 assessment under this provision would violate the prohibition against ex post facto legislation, defendant asserts: "[The People] admit[] that the amount imposed by the trial court ($2) was the amount effective when the crime was committed, but assert[] that the increase of the assessment to $30, effective January 1, 2009, should have been imposed." Defendant is wrong: the People do not admit that the statutory amount increased effective January 1, 2009, and defendant does not support her assertion that it did so. The People simply argue that Government Code section 70373 applies to all convictions after the section's effective date of January 1, 2009, even if (as here) the crime occurred before that date, and that the statutory amount of the assessment is not $2 but $30.

because (1) its purpose—to maintain adequate funding for court security—is nonpunitive; (2) it was part of a broader legislative scheme that also raised civil fees; (3) the Legislature labeled the amount due under the statute a "fee," not a "fine"; (4) a $20 fee is relatively small and less onerous than other consequences that have been held nonpunitive; and (5) the amount of the fee does not depend on the seriousness of the defendant's offense. (*People v. Alford* (2007) 42 Cal.4th 749, 755–759 [68 Cal.Rptr.3d 310, 171 P.3d 32], cited in *Brooks, supra*, 175 Cal.App.4th at pp. Supp. 5–6.) The *Brooks* court then found that the Government Code section 70373(a)(1) assessment is similar to the fee approved in *Alford*, because: "1. The stated purpose of the section 70373(a)(1) assessment is to ensure and maintain adequate funding for court facilities, not to punish. [¶] 2. It is also part of a broad legislative scheme in which civil fees were also raised to fund courthouse construction. [¶] 3. It is termed an 'assessment,' not a fine or a penalty. [¶] 4. The $30 is larger than the $20 approved in *Alford*, but still relatively small. [¶] 5. The amount of the assessment is not dependent on the seriousness of the offense." (*Brooks, supra*, 175 Cal.App.4th at p. Supp. 6.) Because the section 70373(a)(1) assessment is nonpunitive, its application to defendants whose crimes were committed before the statute's effective date does not violate the prohibition against ex post facto legislation. (*Brooks, supra*, 175 Cal.App.4th at p. Supp. 7.)

We find the reasoning of *Brooks* persuasive and reject defendant's arguments to the contrary. The imposition of an assessment under Government Code section 70373(a)(1) is required, as the trial court found. But, as the People point out, the $2 amount assessed by the court is incorrect, since section 70373(a)(1) provides that the assessment must be in the amount of $30.

█ Defendant also argues that to impose this assessment would violate Penal Code section 3, which provides: "No part of [the Penal Code] is retroactive, unless expressly so declared." This contention fails because Government Code section 70373(a)(1) is (1) not part of the Penal Code and (2) not punitive in purpose or effect.

## IV

The Attorney General suggests that defendant may be entitled to a hearing on her ability to pay the additional surcharge, penalties, and assessment. We reject that suggestion. It is a measure of this country's commitment to due process and procedural fairness that an issue of such small monetary significance should warrant the substantial expenditure of public funds necessary for its resolution. But neither justice nor common sense justifies further expense to conduct a hearing on defendant's ability to pay, absent any indication that she lacks the ability to pay. Defendant did not challenge her

ability to pay a fine of $34, and we can discern no basis for finding that she lacks the ability to pay an additional $32 as well.

## DISPOSITION

The trial court's order imposing a $34 assessment pursuant to Penal Code section 1202.5 is modified to increase the $2 court facilities assessment from $2 to $30 and to include additional assessments as follows: two DNA identification fund penalties of $1 each (Gov. Code, §§ 76104.6, subd. (a)(1), 76104.7, subd. (a)) and the $2 state surcharge (Pen. Code, § 1465.7, subd. (a)). In all other respects, the judgment is affirmed.

Scotland, P. J., and Nicholson, J., concurred.