Filed 7/10/14  P. v. Norphard CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B247433 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA078463) |
| v. | |
| HERMAN LARELLE NORPHARD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Leslie E. Brown, Judge.  Affirmed as modified; remanded with directions.

Steven A. Brody, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

A jury convicted defendant, Herman Larelle Norphard, of first degree burglary in violation of Penal Code[1] section 459. The jury found defendant had sustained three prior violent felony convictions. (§§ 667, subds. (b)-(i), 1170.12.) The trial court struck two of the prior violent felony conviction allegations. Defendant received a 17-year sentence. We modify the oral pronouncement of judgment as to court facilities and operations assessments. (Gov. Code, § 70373, subd. (a)(1); § 1465.8, subd. (a)(1).) We direct the trial court, upon remittitur issuance, to conduct an ability to pay hearing as to the local crime prevention programs fine (§ 1202.5, subd. (a)) together with the penalty assessments. We affirm the judgment in all other respects.

# II. DISCUSSION

We appointed counsel to represent defendant on this appeal. After examining the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested that this court independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441-442. (See *Smith v. Robbins* (2000) 528 U.S. 259, 278-284.) On January 28, 2014, we advised defendant that he had 30 days within which to personally submit any contentions or arguments he wishes us to consider. No response has been received. We have examined the entire record and are satisfied appointed appellate counsel has fully complied with his responsibilities.

We asked the parties to brief two sentencing issues. First, the trial court imposed a $10 local crime prevention programs fine under section 1202.5, subdivision (a). (The fine is erroneously recorded in the abstract of judgment as a $40 fine.) The trial court failed, however, to orally impose the mandatory penalties and surcharge in connection

---

[1] Further statutory references are to the Penal Code except where otherwise noted.

with that fine. The sentence was unauthorized insofar as it omitted the penalties and surcharge on the fine. (*People v. Hamed* (2013) 221 Cal.App.4th 928, 941; *People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1530.) The fine was subject to: a $10 state penalty (§ 1464, subd. (a)(1)); a $7 county penalty (Gov. Code, § 76000, subd. (a)(1)); a $2 state surcharge (§ 1465.7, subd. (a)); a $3 state court construction penalty (Gov. Code, § 70372, subd. (a)(1)); a $1 deoxyribonucleic acid penalty (Gov. Code, § 76104.6, subd. (a)(1)); a $3 state-only deoxyribonucleic acid penalty (Gov. Code, § 76104.7, subd. (a)); and a $2 emergency medical services penalty (Gov. Code, § 76000.5, subd. (a)(1)). The fine is subject to an ability to pay requirement. (§ 1202.5, subd. (a).) Therefore, upon remittitur issuance, the trial court must conduct an ability to pay hearing as to the fine together with penalties and a surcharge. (*People v. Castellanos, supra,* 175 Cal.App.4th at p. 1531; but see *People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1112-1113 [no hearing required where the increase in the total sum is minimal and the defendant raised no objection to the $10 fine].) The trial court may impose a lesser fine or none at all. (*People v. Castellanos, supra,* 175 Cal.App.4th at p. 1531.)

Second, the trial court failed to orally impose mandatory court facilities and court operations assessments in the amount of $30 and $40 respectively. (Gov. Code, §§ 70373, subd. (a)(1); § 1465.8, subd. (a)(1).) The oral pronouncement of judgment must be modified to include those sums. (*People v. Sencion* (2012) 211 Cal.App.4th 480, 483-485.) The abstract of judgment is correct in this respect and need not be amended. (*Id.* at p. 484.)

## III. DISPOSITION

The oral pronouncement of judgment is modified to impose a $30 court facilities assessment under Government Code section 70373, subdivision (a)(1), and a $40 court operations assessment pursuant to Penal Code section 1465.8, subdivision (a)(1). Upon remittitur issuance, the trial court is to conduct an ability to pay hearing as to the local crime prevention programs fine (Pen. Code, § 1202.5, subd. (a)) together with penalties

3

and a surcharge. The trial court may impose a lesser fine or none at all. The judgment is affirmed in all other respects. Following the trial court's ruling on the local crime prevention programs fine, the clerk of the superior court is to prepare an amended abstract of judgment and deliver a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


MOSK, J.


KRIEGLER, J.

4