Filed 12/3/20  P. v. McDonald CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MAXAMILLON LEE MCDONALD,<br><br>Defendant and Appellant. | F079126<br><br>(Super. Ct. No. BF143850C)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  Thomas S. Clark, Judge.

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez, Jeffrey D. Firestone and Jamie A. Scheidegger, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Poochigian, Acting P.J., Smith, J. and Meehan, J.

Defendant Maxamillon Lee McDonald stands convicted of two counts of robbery and active participation in a street gang. On appeal, he contends (1) the trial court erroneously imposed one $10 crime prevention program fine for each theft offense rather than one such fine for the case, and (2) the abstract of judgment erroneously fails to reflect his stayed sentence on count 3. The People concede both points. We ordered the parties to file supplemental briefing regarding whether defendant's prior prison term enhancements should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). The parties agree that defendant's prior prison term enhancements should be stricken. We strike one of the two crime prevention fines, strike defendant's two prior prison term enhancements, direct the trial court to prepare an amended abstract of judgment reflecting the modifications and correcting the error, and affirm in all other respects.

## PROCEDURAL SUMMARY

On December 28, 2012,[2] the Kern County District Attorney charged defendant with first degree murder during the commission of a robbery on a felony murder theory (§§ 187, subd. (a), 189, & 190.2, subd. (a)(17); count 1), robbery (§ 212.5, subd. (c); counts 2 & 4), and active participation in a criminal street gang (§ 186.22, subd. (a); count 3). As to count 4, the information alleged that defendant inflicted great bodily injury (§ 12022.7). As to all counts, the information alleged defendant had suffered a prior felony "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), had suffered a prior serious felony conviction (§ 667, subd. (a)), and had served two prior prison terms (§ 667.5, subd. (b)). As to

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

[2]    All further dates refer to the year 2012 unless otherwise stated.

2.

counts 1, 2, and 4, the information alleged defendant committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).[3]

The jury found defendant guilty on all counts and found true all the gang allegations. In a bifurcated proceeding, the trial court found true all the prior conviction and prior prison term allegations. Defendant's prior prison terms were served for a 2003 conviction of assault with a deadly weapon (§ 245, subd. (a)(1)) and a 2005 conviction for evading a peace officer (§ 2800.2).

On September 17, the trial court sentenced defendant to life in prison without the possibility of parole plus 12 years. The court also ordered defendant to pay restitution and various fines, fees, and assessments.

On June 25, 2015, this court vacated the special circumstance finding and reversed the conviction on count 1, but in all other respects affirmed. The matter was remanded for further proceedings. (*People v. McDonald* (2015) 238 Cal.App.4th 16.)

On April 5, 2019, the prosecutor moved to dismiss count 1 because of a change in the law.[4] On the same date, the trial court dismissed count 1 and resentenced defendant on counts 2 through 4. The court sentenced defendant to 24 years in prison as follows: on count 2, 10 years (five years doubled to 10 years based on the prior strike conviction), plus a 10-year gang enhancement, plus two one-year prior prison term enhancements; on count 3, six years (three years doubled to 6 years based on the prior strike conviction), stayed pursuant to section 654; and on count 4, two years, to be served consecutively to

---

[3]     The gang enhancement and enhancement for personal infliction of great bodily injury were set aside prior to trial (§ 995).

[4]     Effective January 1, 2019, Senate Bill No. 1437 limited accomplice liability under the felony-murder rule and the natural and probable consequences doctrine. (§§ 188, 189, as amended by Stats. 2018, ch. 1015, §§ 2–3; *People v. Cruz* (2020) 46 Cal.App.5th 740, 755.)

the sentence on count 2.[5]  The court also ordered defendant to pay restitution, fines, and fees, including $10 fees pursuant to section 1202.5 as to counts 2 and 4.

On the same date, defendant filed a notice of appeal.

## FACTUAL SUMMARY

Defendant was an East Side Crips gang member.

On August 18, 2012, Patrice Oliver went to the grocery store.  When she left the store, defendant made eye contact and walked past her.  Defendant then turned, grabbed the back of Oliver's neck and pulled the chains around her neck.  Oliver fell to the pavement and defendant dragged her about five feet while trying to pull several chains off her neck.  One chain broke and defendant was able to take another off Oliver.  He then ran.

On August 19, 2012, at about 5:30 p.m., 71-year-old Guadalupe Ramos began shopping at a grocery store with her daughter and granddaughter.  Ramos wore a thick gold-linked chain with a gold cross.  On the same day, approximately an hour later, defendant and two other East Side Crips gang members entered the same store.  When Ramos, her daughter, and her granddaughter left the store, one of the East Side Crips approached Ramos from behind, grabbed her by the neck and necklace, pulled the necklace until it broke, and then took the necklace and ran.  Ramos fell and hit her head and back.

Defendant, parked several spaces away from where Ramos was robbed, pulled out of the parking space and picked up the East Side Crip who robbed Ramos about two blocks away from the robbery.  Defendant and the two other East Side Crips then drove to a business that purchased gold to sell the stolen necklace.

Meanwhile, Ramos developed an irregular heartbeat and died approximately an hour after the robbery.

---

[5]  The amended abstract of judgment does not reflect the sentence on count 3.

## DISCUSSION

First, the parties agree, as do we, that the trial court erred in imposing two crime prevention program fees for theft offenses pursuant to section 1202.5.

Section 1202.5, subdivision (a) requires a trial court to impose a $10 fee "[i]n any case in which defendant is convicted of" a listed theft offense, including robbery. The fine can therefore only be imposed once in any case. (*People v. Crittle* (2007) 154 Cal.App.4th 368, 371; see § 1202.5, subd. (a); see also *People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1109 [section 1202.5 fines are "subject to the … additional assessments, surcharge[s], and penalties, which the Legislature has expressly provided must be added to any criminal fine"].) That must be imposed once per case, not once per offense.

Although defendant was convicted of two counts of robbery (counts 2 and 4), only one $10 fee was authorized pursuant to section 1202.5. Accordingly, we strike the second $10 fee as unauthorized.

Second, defendant was sentenced to six years in prison, stayed, on count 3. The abstract of judgment fails to reflect the sentence on count 3. An abstract of judgment must include all felony counts of conviction, including stayed counts. (*People v. Watts* (2009) 173 Cal.App.4th 621, 623, fn. 2.) Therefore, as the parties agree, the abstract of judgment must be amended to reflect the stayed sentence on count 3.

Third, defendant argues his two prior prison term enhancements must be stricken based on the retroactive application of Senate Bill 136. The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective

5.

date.  (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed two one-year section 667.5, subdivision (b) prior prison term enhancements for terms served for convictions of assault with a deadly weapon and evading a peace officer, neither of which is a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).  On January 1, 2020, defendant's case was not yet final.  Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b).  We therefore strike defendant's prior prison term enhancements.

Where an appellate court strikes a portion of a sentence, remand for " 'a full resentencing as to all counts is [generally] appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  However, where a trial court imposed the maximum possible sentence, remand for the court to consider alternative sentencing options is unnecessary. (*People v. Lopez*, *supra*, 42 Cal.App.5th at p. 342.)

Here, the trial court imposed the maximum possible sentence[6] and therefore remand is unnecessary.  Accordingly, we strike the five prior prison term enhancements and direct the trial court to prepare an amended abstract of judgment.

## DISPOSITION

The second $10 fee imposed pursuant to section 1202.5 is stricken.  Defendant's two prison term enhancements (§ 667.5, subd. (b)) are stricken.  The trial court is directed to prepare an amended abstract of judgment, reflecting those modifications and the stayed six-year term on count 3.  The court shall forward a copy of the amended abstract of judgment to the appropriate entities.  As so modified, the judgment is affirmed.

---

[6]     The trial court's imposition of one-third of the midterm sentence on count 4 was the maximum sentence permitted.  (§ 1170.1, subd. (a).)