Filed 3/8/21  P. v. Williams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C090802 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE010630) |
| v. | |
| GERALD P. WILLIAMS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Gerald P. Williams, filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will modify the judgment to include mandatory fees and direct the trial court to issue an amended abstract of judgment.  We find no arguable error that would result in a disposition more favorable to defendant and affirm the judgment as modified.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## FACTS AND PROCEDURAL HISTORY

Defendant threatened the two victims in an argument at a shopping mall and was charged with two counts of making criminal threats (Pen. Code, § 422; statutory section references that follow are to the Penal Code). Defendant pleaded no contest to one count of criminal threats and admitted a prior strike conviction under sections 667 and 1170.12. The parties agreed to a factual basis for the plea, stating defendant "willfully and unlawfully threatened to commit a crime which would result in death and great bodily injury to [the victim] with the specific intent that the statement be taken as a threat. [¶] . . . [T]he threat was so unequivocal, unconditional, and immediate as to convey to [the victim] a gravity of purpose and an immediate prospect of execution. [¶] It's further alleged that the victim was reasonably in sustained fear for her safety." The court dismissed the outstanding count.

Shortly before sentencing, defendant requested a hearing under *People v. Marsden* (1970) 2 Cal.3d 118, asking to discharge his court-appointed counsel. The trial court denied the motion. The trial court proceeded to sentence defendant in accordance with the stipulated plea agreement to the lower term of 16 months, doubled based on his prior strike conviction, for a total aggregate sentence of 32 months.

Defendant did not raise the issue of his ability to pay any fines or fees. The court imposed a $300 restitution fine and $40 court operations fee and waived all other "fines, fees, and costs in the interest of justice." The abstract of judgment and minute order issued after the hearing reflect imposition of the minimum mandatory fines and fees: a $300 restitution fine (§ 1202.4), a suspended $300 parole revocation fine (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).

After defendant filed a notice of appeal, defense counsel wrote a letter to the trial court noting the inconsistency between the oral pronouncement and the abstract of judgment, and asking the trial court to correct the abstract of judgment. The trial court later responded by letter (a copy of which was filed with this court), indicating it would waive the $30 criminal conviction assessment, but not the $300 parole revocation fine, and attached an amended abstract of judgment and minute order reflecting these changes.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Based on our review of the record, we conclude the judgment must be modified to include imposition of mandatory fines and fees, and the abstract of judgment must be further amended. The oral imposition of sentence constitutes the judgment in an action, and the minutes and abstract of judgment cannot add anything substantive to the oral pronouncement. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385, 387-389.) The oral pronouncement controls if there is a discrepancy, and the court clerk lacks the authority to add fines or fees not imposed by the trial court. (*Zackery,* at pp. 385-390.) When a trial court fails to impose a statutorily mandated fine or fee, the sentence is unauthorized, and the appellate court may correct the error, even if the People failed to bring it to the trial court's attention. (*People v. Smith* (2001) 24 Cal.4th 849, 852-853; *People v. Scott* (1994) 9 Cal.4th 331, 354.)

The trial court imposed a $300 restitution fine pursuant to section 1202.4, subdivision (b), but did not impose an identical parole revocation restitution fine, which

3

section 1202.45 requires.  Subdivision (a) of section 1202.45 provides:  "In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4."  (§ 1202.45, subd. (a).)  Subdivision (c) provides such fines shall be suspended unless parole is revoked. (§ 1202.45, subd. (c).)

Similarly, the court omitted, then purported to waive, a criminal conviction assessment of $30 under Government Code section 70373.  This is a mandatory fee and the failure to impose it constitutes an unlawful sentence that may be modified at any time. (Gov. Code, § 70373; see *People v. Smith, supra*, 24 Cal.4th at p. 853; *People v. Woods* (2010) 191 Cal.App.4th 269, 272-273; *People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1112.)  We will modify the judgment to impose the parole revocation fine, suspended unless parole is revoked, and the criminal conviction assessment.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to impose a $300 parole revocation restitution fine (§ 1202.45), suspended unless parole is revoked, and a mandatory $30 criminal conviction assessment (Gov. Code, § 70373).  The trial court is directed to prepare an amended abstract of judgment and minute order that reflect these modifications and to

deliver a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


                                              _____

                                              HULL, Acting P. J.


We concur:


_____

ROBIE, J.


_____

MURRAY, J.