Filed 7/15/22  P. v. Fielding CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C094725 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF20761, CRF201377) |
| v. | |
| ANGEL MIGUEL FIELDING, | |
| Defendant and Appellant. | |

Defendant Angel Miguel Fielding pleaded no contest to first degree burglary and taking a vehicle without consent.  The plea agreement included a *Cruz* waiver.[1]  After defendant violated the *Cruz* waiver, the trial court sentenced him to the middle term for the principal offense, first degree burglary.

---

[1]  See *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5.

1

Defendant contends that we must remand for resentencing because the trial court's imposition of the middle term did not satisfy the new requirements of recently enacted amendments to Penal Code section 1170, subdivision (b)(6),[2] which took effect while his appeal was pending and apply retroactively to his case.[3] The People agree that these amendments apply retroactively but contend that defendant is ineligible for relief under the terms of the new law.

We conclude that there is no evidence in the record that the amendments to section 1170, subdivision (b)(6) apply to defendant's sentence. We also disagree with defendant's contention that the trial court erred by imposing a fine for the burglary in the wrong amount. Accordingly, we will affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant pleaded no contest to first degree burglary (§§ 459, 461, subd. (a), Yuba County Super. Ct. case No. CRF20-1377) and taking a vehicle without consent (Veh. Code, § 10851, Yuba County Super. Ct. case No. CRF20-761). For the burglary charge, the parties stipulated that defendant forcibly entered and stole items from the residence of his aunt. For the taking a vehicle without consent charge, the parties stipulated that defendant took and drove a vehicle valued at over $1,000 without the permission of its owner. As part of the negotiated plea, defendant also admitted a prior serious felony conviction.

The plea agreement incorporated a *Cruz* waiver, permitting defendant's release on his own recognizance pending sentencing. If defendant complied with terms of the *Cruz*

_____

[2] Undesignated statutory references are to the Penal Code.

[3] The parties refer mostly to Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Assembly Bill 124), but Senate Bill No. 567 (2021-2022 Reg. Sess.), the later-enacted bill, incorporated Assembly Bill 124's amendments to section 1170 and is the operative legislation. (See Stats. 2021, ch. 731, § 3, subd. (c).) For clarity's sake, we refer to the codified statutes rather than to the two bills.

2

waiver, the court would strike his prior serious felony conviction and sentence him to two years eight months in state prison, comprised of the lower term of two years for first degree burglary, plus eight months (one-third of the middle term) for taking a vehicle without consent. But, if defendant violated the *Cruz* waiver, the trial court would not strike the prior serious felony conviction and would instead sentence him to at least five years four months and up to 13 years four months.

After being released pursuant to the *Cruz* waiver, defendant did not return for his sentencing and did not appear at any of the rescheduled dates. Upon returning to custody, defendant admitted that he violated his *Cruz* waiver.

The probation reports indicated that defendant was 27 years old at the time he committed each offense. The reports also detailed a lengthy criminal record, including a number of juvenile offenses. But defendant's interview with the probation officer did not indicate that he experienced any psychological, physical, or childhood trauma. Nor did the probation reports indicate that defendant was ever the victim of intimate partner violence or human trafficking.

At sentencing, the trial court noted that defendant stole minimal property in the burglary but showed remarkably poor judgment in failing to appear for sentencing. The trial court then sentenced defendant to an aggregate term of nine years four months in prison, comprised of the middle term of four years for first degree burglary, plus eight months (one-third of the middle term) for taking a vehicle without consent, with each term doubled due to the prior serious felony conviction. In addition to other fines and fees not at issue in this appeal, the trial court imposed a fine of $40, including penalty assessments, on the burglary charge, pursuant to section 1202.5. Defendant timely appealed.

While defendant's appeal was pending, the Legislature amended section 1170, effective January 1, 2022, imposing new requirements for trial courts selecting among three possible sentences for an offense. (Stats. 2021, ch. 731, § 1.3.)

3

## DISCUSSION

### I

### *Middle Term Sentence*

Section 1170, subdivision (b)(6) now requires imposition of a lower term sentence when certain mitigating factors contributed to the commission of the offense, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [and] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) Those potential mitigating factors are: (A) the defendant has experienced psychological, physical, or childhood trauma; (B) the defendant was under 26 years of age on the date the offense was committed; or (C) prior to or at the time of the offense, the defendant was a victim of intimate partner violence or human trafficking. (§§ 1170, subd. (b)(6)(A)-(C), 1016.7, subd. (b).) Defendant contends that these amendments apply retroactively to his sentence and require remand.

The People correctly concede the amended version of section 1170, subdivision (b) applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal. (See *In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Conley* (2016) 63 Cal.4th 646, 657 ["in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible"]; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 [holding amendments to § 1170, subd. (b)(6) apply retroactively to nonfinal convictions on appeal].)

But the People do not agree that we must remand for resentencing. Rather, they argue that the amendments to section 1170, subdivision (b)(6) do not apply to defendant's sentence. Defendant concedes in his reply brief that he does not fall within the purview of the statute's mitigating factors, but argues that section 1170, subdivision (b)(6) has created a presumption in favor of a lower term sentence, which means that the trial court erred by not stating reasons on the record for imposing the middle term instead. We disagree with defendant's interpretation. The presumption in section 1170, subdivision

4

(b)(6) arises only "if any of the [mitigating factors] was a contributing factor in the commission of the offense." The provision in section 1170, subdivision (b)(7) that ensures that subdivision (b)(6) does not limit a trial court's ability to sentence a defendant to a lower term for other reasons does not change or expand the scope of the presumption in subdivision (b)(6).

Here, as defendant concedes, the record is devoid of any evidence that the newly added provisions of section 1170, subdivision (b)(6) apply to defendant. Defendant was not under 26 years of age on the date the offenses were committed. Defendant's interview with the probation officer does not disclose any experience of psychological, physical, or childhood trauma—much less trauma that "contributed to the commission of the offense." To the contrary, defendant reported that he lived with his mother and stepfather and is in good physical and mental health. Nor did defendant claim to be a victim of domestic abuse or human trafficking. The record lacks any evidence that section 1170, subdivision (b)(6) applies, even though defendant had an incentive to disclose such trauma and victimization to mitigate his sentence, (see former Cal. Rules of Court, rule 4.423(a)(4), (9), (b)(2), (c), as amended effective Jan. 1, 2018), and did in fact divulge his prior use of illegal substances. Accordingly, the amended section 1170, subdivision (b)(6) does not apply to defendant's sentence, so no presumption would arise under the retroactive amendments and the trial court did not err in sentencing defendant to a middle term without stating reasons why imposition of a lower term sentence would be contrary to the interests of justice.

## II

### *Fine Pursuant to Section 1202.5*

Defendant also contends the trial court was not authorized by section 1202.5 to impose a fine of $40 for the burglary. Section 1202.5 authorizes "a fine of ten dollars ($10) *in addition to any other penalty or fine imposed*" for burglary convictions. (§ 1202.5, subd. (a), italics added.) Defendant fails to account for the trial court's

5

statement that the $40 includes penalty assessments, instead misunderstanding the record to say that the trial court imposed a base fine of $40. A fine under section 1202.5 is subject to seven penalty assessments. (See §§ 1464, subd. (a)(1) [$10], 1465.7, subd. (a) [$2]; Gov. Code, §§ 70372, subd. (a)(1) [$5], 76000, subd. (a) [$7], 76000.5, subd. (a)(1) [$2], 76104.6, subd. (a)(1) [$1], 76104.7, subd. (a) [$4]; *People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1109.) Thus, the trial court did not err by imposing required penalty assessments in addition to the $10 base fine.

## DISPOSITION

The judgment is affirmed.

_____/s/_____
EARL, J.

We concur:

_____/s/_____
ROBIE, Acting P. J.

_____/s/_____
MAURO, J.

6