Filed 1/31/23 P. v. Betancourt CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C096035 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CR-003191) |
| v. | |
| MARK RYAN BETANCOURT, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Mark Ryan Betancourt has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will remand for the trial court to specify:  (1) the amount of the fine it imposed pursuant to Vehicle Code section 23554; and (2) the amount and statutory basis of each applicable penalty assessment.  We will otherwise affirm the judgment.

1

BACKGROUND

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

Defendant crossed into oncoming traffic while driving and crashed into the side of another vehicle, injuring the other driver and the passenger. When a police officer arrived, defendant admitted drinking alcohol and displayed signs of intoxication, and the officer found an empty bottle of vodka and three empty cans of hard seltzer beverages in the vehicle. Defendant pleaded guilty to driving under the influence of alcohol causing bodily injury (Veh. Code, § 23153, subd. (a))[1] and admitted two prior convictions for driving under the influence of alcohol. (§ 23152, subds. (a) & (b).)

At sentencing, the trial court agreed with the probation report that defendant did not appear to have learned from his prior grants of probation for driving under the influence. Accordingly, the trial court denied probation and sentenced defendant to the middle term of two years in state prison, the maximum sentence permitted by the plea agreement. (See § 23554; Pen. Code, §§ 17, subd. (a), 18, subd. (a).)

The trial court revoked defendant's driver's license for 10 years, pursuant to section 23597. The court also imposed a four-year requirement to install a functioning, certified ignition interlock device (IID) on any vehicle that defendant operates and a four-year prohibition from operating a motor vehicle unless that vehicle is equipped with a functioning, certified IID, pursuant to section 23575.3, subdivision (h)(2)(D). The court later corrected its order to limit the IID requirement to three years because subdivision (h)(2)(C) of section 23575.3 should have applied, rather than subdivision (h)(2)(D).

The trial court did not orally impose fees, restitution, fines, and penalty assessments, but rather referred the parties to the recommendations in the probation

---

[1]     Undesignated statutory references are to the Vehicle Code.

report and obtained the parties' agreement to waive reading of those parts of the sentence. One of these recommendations stated: "The defendant shall pay a fine of one thousand, seven hundred ninety dollars ($1,790.00), including penalty assessments, pursuant to Section 23554 . . . ." The abstract of judgment lists a $1,790 fine imposed pursuant to section 23554 without mentioning penalty assessments.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

In our review of the record, we note that neither the trial court nor the probation report broke down the specific amount of the fine imposed pursuant to section 23554, the amount of the penalty assessments added to the fine, or the statutory basis for those penalty assessments. The probation report only identifies the total sum of the fine and penalty assessments as $1,790. The abstract of judgment prepared by the trial court fails to mention the penalty assessments at all, indicating the entire $1,790 was a fine imposed pursuant to section 23554.

Section 23554 required the trial court to impose a fine of between $390 and $1,000 for defendant's conviction for driving under the influence of alcohol causing bodily injury. That fine is subject to seven penalty assessments, calculated as a percentage of the base fine and payable to various government entities. (See Pen. Code, §§ 1464, subd. (a)(1), 1465.7, subd. (a); Gov. Code, §§ 70372, subd. (a)(1), 76000, subd. (a)(1), 76000.5, subd. (a)(1), 76104.6, subd. (a)(1), 76104.7, subd. (a); *People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1109.)

Generally, "a sentencing court should make a 'detailed recitation of all the fees, fines and penalties on the record.' " (*People v. Hamed* (2013) 221 Cal.App.4th 928, 938.) When a court instead references a probation report or other writing in its oral pronouncement, that writing should list the component parts of base fines and penalty assessments (*id.* at pp. 939-940), so that the parties "have an opportunity to identify and correct errors in the trial court, avoiding unnecessary appeals." (*Id.* at p. 940.) Likewise, the abstract of judgment should list "the amount and statutory basis for each base fine and the amount and statutory basis for each penalty assessment" to "assist[] the Department of Corrections and Rehabilitation to 'fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency.' " (*Ibid.*)

Here, the trial court imposed the mandatory section 23554 fine in an unauthorized amount. This court's calculations have revealed no fine amount between $390 and $1,000 that, when added to the applicable penalty assessments, sums to $1,790. " '[A]n unauthorized sentence may be corrected at any time even if there was no objection in the trial court. [Citations.] Such an unauthorized sentence may be corrected even when raised for the first time on appeal. [Citations.]' [Citations.]" (*People v. Hamed, supra*, 221 Cal.App.4th at p. 941.)

Because we cannot determine the amount of the fine the trial court intended to impose, we must remand the case for the trial court to correct these errors. We found nothing else in the record that would provide defendant with a better result.

DISPOSTION

The case is remanded with instructions to (1) state the amount of the fine the trial court is imposing pursuant to section 23554; (2) calculate the amount of any applicable penalty assessments; and (3) list each penalty assessment and its statutory basis. The sum of the fine and penalty assessments should not exceed $1,790. The trial court is directed to prepare an amended abstract of judgment, including the amount and statutory basis for

4

the fine and each penalty assessment, and forward a certified copy to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.


                                                                                                 _____KRAUSE_____, J.


We concur:


_____RENNER_____, Acting P. J.


_____EARL_____, J.