Filed 7/19/23  P. v. Jones CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TYSON PARKER JONES,<br><br>Defendant and Appellant. | C097536<br><br>(Super. Ct. No. 21F5377)<br><br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed in this case on June 20, 2023, be modified as follows:

On page 1, delete the first paragraph and replace with the following:

"Appointed counsel for defendant Tyson Parker Jones asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment."

1

On page 4, Discussion part II, delete the second full paragraph beginning with "Our review of the record indicates."

On page 4, Discussion part II, third full paragraph, delete "as modified" so that the paragraph now reads:

"Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment."

On page 5, Disposition, delete the paragraph and replace with the following:

"The judgment is affirmed."

This modification does not change the judgment.

The petition for rehearing is denied.

FOR THE COURT:

_____/S/_____
EARL, P. J.

_____/S/_____
MAURO, J.

_____/S/_____
KRAUSE, J.

Filed 6/20/23  P. v. Jones CA3 (unmodified opinion)

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C097536 |
| v. | (Super. Ct. No. 21F5377) |
| TYSON PARKER JONES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Tyson Parker Jones asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Based on our review of the record, we will modify the judgment to reflect the imposition of a mandatory $40 court operations assessment and a

1

mandatory $30 criminal conviction assessment. We will affirm the judgment as modified.

I

On the morning of July 30, 2021, Redding Police Officer Chad Gross responded to a call related to narcotics dealing. He spoke to two neighborhood residents who reported finding paraphernalia in their neighborhood and seeing numerous people coming in and out of a particular house. Both directed Officer Gross to that house and identified an individual named Tyson as living there. Officer Gross checked the address of the house and discovered that defendant lived there. After learning defendant was not on formal probation, Officer Gross contacted the records division at the police department, which had access to court documents concerning informal probation. Officer Gross was advised defendant was on informal probation until December 2021 with search terms for stolen property.

Officer Gross went to defendant's residence. Defendant's niece answered the front door and directed Officer Gross to defendant's room in the garage. Officer Gross knocked and opened the door; he found defendant seated at a table. Officer Gross observed a sawed-off shotgun in plain view. He also found heroin and methamphetamine on the table, containers of heroin, digital scales, shotgun ammunition, cash, a methamphetamine pipe, and a device for ingesting heroin.

In a criminal complaint deemed an information, the prosecution charged defendant with possession for sale of a controlled substance (Health & Saf. Code, § 11351 -- count 1), maintaining a place for selling/using a controlled substance (Health & Saf. Code, § 11366 -- count 2), possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)[1] -- count 3), unlawful possession of ammunition (§ 30305, subd. (a)(1)

---

[1] Undesignated statutory references are to the Penal Code.

-- count 4), possession of a short-barreled shotgun or rifle (§ 33210 -- count 5), misdemeanor possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a) -- count 6), and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a) -- count 7).  The information further alleged, as to counts 1 through 5, that defendant had a prior serious or violent felony conviction.  (§ 1170.12.)

Defendant filed a motion to suppress evidence pursuant to section 1538.5.  He asserted the warrantless search was based on police officers' incorrect belief that defendant was on probation because, following passage of Assembly Bill No. 1950 (2019-2020 Reg. Sess.), his probation term ended prior to the search on July 30, 2021. Defendant argued that the good faith exception to the warrant requirement under *United States v. Leon* (1984) 468 U.S. 897 should not apply.

The trial court denied defendant's motion to suppress, finding the search objectively reasonable under the circumstances.  The trial court noted it was the court and not law enforcement that was responsible for the record at issue, and Officer Gross was objectively reasonable in relying on it.

Defendant filed a renewed motion to suppress.  The trial court, relying on *Arizona v. Evans* (1995) 514 U.S. 1, 15 and its statement that "[a]pplication of the *Leon* framework supports a categorical exception to the exclusionary rule for clerical errors of court employees," denied the renewed motion.

On September 9, 2022, defendant entered into an open plea of no contest to possession of a firearm by a felon (§ 29800, subd. (a)) and admitted a prior serious or violent felony conviction (§ 1170.12) with the understanding that he would be sentenced to no more than four years in state prison.  The remaining counts were to be dismissed, and probation on another case was to be revoked and terminated.  Defendant was advised of, and waived, his constitutional rights and the trial court found that defendant's plea was voluntary.

Prior to sentencing, defendant asked the trial court to dismiss his prior strike conviction allegation in the interests of justice pursuant to section 1385. (See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.) The trial court granted the request. The trial court suspended imposition of sentence and placed defendant on formal felony probation for two years with various terms and conditions, including that defendant serve 180 days in county jail with nine days credit for time served.

Defendant appealed from the denial of his motion to suppress evidence. The trial court denied defendant's request for a certificate of probable cause. (See § 1237.5; *People v. Panizzon* (1996) 13 Cal.4th 68, 74.)

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Our review of the record indicates the trial court did not orally impose a mandatory $40 court operations assessment (§ 1465.8) or a mandatory $30 conviction assessment (Gov. Code, § 70373), but those assessments are shown as imposed on a November 30, 2022 minute order. We will modify the judgment to impose the mandatory assessments. (See *People v. Smith* (2001) 24 Cal.4th 849, 853-854 [the Court of Appeal may correct errors associated with mandatory sentencing without the need to remand for further proceedings]; *People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1111-1113 [correcting the amount imposed for mandatory assessments].)

Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

4

DISPOSITION

The judgment is modified to reflect the imposition of a mandatory $40 court operations assessment (§ 1465.8) and a mandatory $30 criminal conviction assessment (Gov. Code, § 70373).  The judgment is affirmed as modified.


                                    /S/
                               MAURO, Acting P. J.


We concur:


/S/
KRAUSE. J.


/S/
EARL, J.

5