Filed 4/27/22  P. v. Easley CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. KENNETH JERAI EASLEY, Defendant and Appellant. | D079155 (Super. Ct. No. FSB19003902) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Harold T. Wilson, Jr., Judge.  Affirmed.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, A. Natasha Cortina, Acting Assistant Attorney General, Alan L. Amann, Deputy Attorney General, for Plaintiff and Respondent.

A jury found defendant Kenneth Jerai Easley guilty of second degree murder (Pen. Code,[1] §187, subd. (a)) for shooting and killing Ayo Hullett in

---

[1]     Statutory references are to the Penal Code unless otherwise specified.

October 2019. It also found true three firearm enhancements: personal use of a firearm (§ 12022.53, subd. (b)); personal discharge of a firearm (§ 12022.53, subd. (c)); and discharge of a firearm causing great bodily injury (§ 12022.53, subd. (d)). At sentencing, the court considered its discretion to dismiss or strike the enhancements under section 1385, and it declined, sentencing Easley to an indeterminate term of 15 years to life for the murder, plus a consecutive sentence of 25 years to life for the most serious firearm enhancement, for a total indeterminate sentence of 40 years to life.

Easley's attorney asked the court to impose minimum fines and fees. The court ordered a $500 restitution fine, $200 in excess of the statutory minimum (§ 1202.4); a $40 court security fee (§ 1465.8); and a $30 conviction assessment fee (Gov. Code, § 70373), the statutory amounts.

On appeal, Easley contends that the court erred by failing to consider its discretion to sentence Easley to a lesser-included enhancement for which he was not charged. He further contends that should the court conclude he forfeited the opportunity to challenge this claim on appeal, his attorney provided ineffective assistance of counsel. Finally, he contends that the court violated his due process rights by failing to hold an ability-to-pay hearing before imposing the fines, fees, and assessments, and that the court alternatively violated his constitutional rights prohibiting excessive fines.

We conclude the court appropriately and clearly considered its discretion in imposing the 25-year enhancement and did not abuse its discretion in declining to strike or dismiss it. We further conclude there is no evidence in the record of ineffective assistance of counsel. And we conclude that Easley forfeited his right to challenge the fines, fees, and assessments by failing to make objections at sentencing. Accordingly, we will affirm the judgment.

# I

## BACKGROUND AND PROCEDURAL FACTS

Hullett and Eliesha B. lived together, with their children. On October 12, 2019, the couple had a barbecue at their apartment, where there were a number of adults and children in attendance. A couple hours after the barbecue began, Easley showed up with two others, Fred and Jonicia.

At some point Eliesha began physically fighting with Jonicia, inside the apartment. A few minutes after the fighting began, Eliesha went outside the apartment and jumped on Hullett. Hullett's sister, Aleesha, then began fighting Eliesha, and Jonicia began fighting with a person named Mikala S. During the fighting, a shot was fired, and Hullett fell to the ground.

Several witnesses testified they heard Easley comment that he would not let others hit his sister or that he told Hullett to stop hitting his sister immediately before the gunshot was heard.

Witness Jolean W., who observed the altercations outside, testified she saw the gun in Easley's hand, and she saw him put the gun to Hullett's head.

Witness Arturo S., who lived across the street, also observed Easley pull a gun from his waist and shoot Hullett.

During a police interview, Easley denied being at the barbecue. He denied shooting Hullett.

The State charged Easley with one count of murder (§ 187, subd. (a)), and with personal use of a firearm (§ 12022.53, subd. (b)), personal discharge of a firearm (§ 12022.53, subd. (c)), and discharge of a firearm causing great bodily injury (§ 12022.53, subd. (d)).[2]

---

[2] The information also charged Easley with possession of a firearm by a felon (§ 29800, subd. (a)(1)), but the count was later dismissed upon a motion by the prosecutor.

A jury found Easley guilty of second degree murder, and it found the firearm enhancements true. Before imposing the sentence, the court stated it had read and considered the sentencing memorandum and the probation office recommendation. It reviewed the circumstances in aggravation, including that facts relating to the crime included great violence and great bodily harm and death, while armed and using a weapon. It also found no circumstances in mitigation. The court sentenced Easley to an indeterminate term of 15 years to life for the murder, plus a consecutive sentence of 25-years to life for the most serious firearm enhancement, for a total indeterminate sentence of 40 years to life.

The trial court stated that it had considered its discretion pursuant to section 1385 and would not exercise discretion. It explained the factors in aggravation outweighed any mitigating factors, and Easley had prior, sustained petitions in juvenile court and prior prison terms as an adult. It also noted that Easley showed no remorse. The court stated a second time it would not exercise any discretion with respect to striking the firearm-use allegation pursuant to section 12022.53, subdivision (d). It imposed but stayed the sentencing enhancements available under section 12022.53, subdivisions (b) and (c), pursuant to section 12022.53, subdivision (f).

Probation requested $10,000 in restitution. Easley asked for the minimum fines and fees due to the length of the sentence requested by the probation department. The court imposed a restitution fine of $500 (§ 1202.4), a stayed parole revocation fine of $500 (§ 1202.45); a $40 court

4

security fee[3] (§ 1465.8); and a $30 conviction assessment (Gov. Code, § 70373). It reserved on the issue of victim restitution (§ 1202.46) and commented that it wanted to prioritize possible restitution to the victim.

Easley timely appealed.

## II

## DISCUSSION

### A. Legal Principles

Section 12022.53 establishes an enhanced sentencing scheme when the defendant engages in the personal use of a firearm in the commission of certain felony offenses. (§ 12022.53, subd. (a).) Subdivision (b) adds 10 years of punishment for the personal use of a firearm. (§ 12022.53, subd. (b).) Subdivision (c) adds 20 years to a sentence if the defendant personally and intentionally discharges a firearm during the crime. (§ 12022.53, subd. (c).) Subdivision (d) adds 25 years to life if the defendant personally and intentionally discharges a firearm during the crime and proximately causes great bodily injury or death to a person other than an accomplice. (§ 12022.53, subd. (d).)

Senate Bill No. 620 (2017-2018 Reg. Sess.) (Senate Bill 620), effective January 1, 2018, amended section 12022.53, subdivision (h) to vest courts with discretion, "in the interest of justice pursuant to Section 1385," to "strike

---

[3] The court orally imposed a $70 court operations/court security fee, which was reflected in writing in the minutes. However, the abstract of judgment reflects a $40 court security fee, which Easley challenges on appeal. Generally, when there is a discrepancy between a written record of the judgment and the oral pronouncement, "the oral pronouncement controls." (*People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073.) However, the court operations fee is statutorily prescribed to be $40 per conviction (§ 1465.8, subd. (a)(1)), and the parties treat the abstract of judgment as correct. Because the abstract of judgment correctly reflects the statutory amount, no correction to the abstract of judgment is necessary.

or dismiss an enhancement otherwise required to be imposed by this section." (Senate Bill 620, § 2 (2017-2018 Reg. Sess.).)

### B. Lesser-included, Uncharged Enhancements

Easley contends the court was unaware of its discretion to impose an uncharged, lesser-included enhancement, and that the lack of awareness shows an abuse of discretion on the court's part. He further maintains that the court could have and should have considered the lesser enhancements of three, four, or 10 years available under section 12022.5, subdivision (a). To take this position, Easley asks us to interpret section 12022.53, subdivision (h) and section 1385 and to follow the holding in *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*). There, the court of appeal concluded a trial court has discretion to impose a sentence for an uncharged, lesser-included enhancement where the charged enhancements are factually supported and otherwise applicable. (*Id.* at pp. 222-223.) The Supreme Court recently approved of the holding in *Morrison*, explaining "*Morrison* correctly described the scope of a trial court's sentencing discretion under section 12022.53. Although the prosecution did not specifically allege enhancements under section 12022.53(b) or (c), the trial court could impose those enhancements even when the section 12022.53(d) enhancement was not legally or factually inapplicable." (*People v. Tirado* (2022) 12 Cal.5th 688, 697.)

However, Easley's situation does not present this issue because Easley was charged with lesser-included enhancements, which the jury found true, and which the trial court stayed, opting for the longer sentence. Thus, the issue before us is whether the court abused its discretion in declining to strike the 25-year enhancement in favor of a lesser-included one also found true by the jury. (*People v. Carmony* (2004) 33 Cal.4th 367, 378.)

6

The record demonstrates that the court understood its discretion in imposing sentencing enhancements. It stated that it had considered its discretion under section 1385 and was opting not to strike or dismiss the 25-year enhancement available under section 12022.53 subdivision (d). It gave reasons for declining to strike or dismiss the enhancement, explaining that the aggravating factors outweighed anything in mitigation, that Easley showed no remorse for his actions, and that he had prior sustained petitions in juvenile court and prior prison terms as an adult. It stated it was not exercising discretion regarding subdivision (d) before staying the lesser-included enhancements available under subdivisions (b) and (c). The court knew it could strike the greater enhancement and apply a lesser-included enhancement, but it expressly opted not to do so.[4]

There is nothing to indicate the court abused its discretion by imposing the 25-year enhancement, and Easley does not argue the discretionary decision to do so was erroneous.

Further, we do not remand matters when the record shows a trial court would not have imposed a lesser sentence under the new law. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [no remand if record clearly indicates court would have reached same conclusion under new law, properly understood]; *People v. McDaniels* (2018) 22 Cal.App.5th 420, 425 [discussing

---

[4] We note that the court in *Morrison* stated, "after the publication of our decision today, the usual presumption that a sentencing court correctly applied the law will apply and will ordinarily prevent remand where the record is silent as to the scope of a court's discretion." (*Morrison, supra*, 34 Cal.App.5th at p. 225.) The trial court sentenced Easley on January 28, 2021. Thus, the authority upon which Easley relies indicates that even were the trial court silent regarding its discretion, remand would not be appropriate.

Senate Bill 620 and explaining if record shows trial court would not have exercised discretion even if it believed it could, remand would be idle].)

The court here identified its discretion and explained why it was not striking or dismissing the most serious enhancement. Its comments make clear that it did not believe a lesser-included enhancement was appropriate. Easley does not convince us that the court, which believed the 20-year or 15-year enhancements available under section 12022.53, subdivisions (b) and (c) were too short, would have alternatively considered even shorter three-, four-, or 10-year enhancements under section 12022.5.

C. Ineffective Assistance of Counsel

Easley alternatively contends that his attorney provided ineffective assistance of counsel for failing to ask the court to sentence him for the lesser-included but uncharged enhancements.

To demonstrate ineffective assistance of counsel, Easley must demonstrate his trial attorney's performance (1) fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced him. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688 (*Strickland*).) We evaluate the attorney's conduct with deference and we "indulge a strong presumption that counsel's acts were within the wide range of reasonable professional assistance." (*People v. Dennis* (1998) 17 Cal.4th 468, 541 (*Dennis*).) "Counsel's failure to make futile or unmeritorious objection is not deficient performance." (*People v. Beasley* (2003) 105 Cal.App.4th 1078, 1092, citing *People v. Price* (1991) 1 Cal.4th 324, 387.)

Further, " ' "[i]f the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply

8

could be no satisfactory explanation," the claim on appeal must be rejected.' " (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266; *People v. Cash* (2002) 28 Cal.4th 703, 734 [" ' " 'record must affirmatively disclose the lack of rational tactical purpose for challenged act or omission.' [Citation.]" ' [Citation.]".) "A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding." (*Mendoza Tello*, at pp. 266-267.)

As we explained *ante*, the court here was clear and explicit in its determination that a lesser-included enhancement was not appropriate in this case. Failing to seek an uncharged lesser-included enhancement sentence when the court has already rejected lesser-included findings supported by the jury's verdict and that would have resulted in a lengthier sentence would have been futile. This suggests that even had defense counsel made the request, it is not reasonably probable the court would have reached a different conclusion. (*See Strickland*, *supra*, 466 U.S. at p. 694.) Moreover, the record does not reveal any particular explanation for defense counsel's decision not to make the request. Accordingly, the question is cognizable only on a habeas corpus, as part of a claim for ineffective assistance of counsel. (*Dennis*, *supra*, 17 Cal.4th at p. 521.)

### D. Fines, Fees, and Assessments

Easley contends the court violated his federal and state constitutional rights by imposing a restitution fine of $500 (§ 1202.4, subd. (b)), a stayed $500 parole revocation fine (§ 1202.45), a court operations fee of $40 (§ 1465.8), and a $30 court facilities fee (Gov. Code § 70373).

### 1. *Restitution Fines*

Probation sought $10,000 in restitution. Easley's attorney asked for the minimum fines and fees because of the length of the sentence requested by the probation department. When the court imposed a restitution fee above

9

the mandatory minimum, Easley did not object. In his opening brief, Easley acknowledges that he did not raise the issue of ability to pay.

If Easley believed the trial court failed to adequately consider his ability to pay the restitution fine, it was incumbent on him to object at the sentencing hearing. His failure to do, particularly in light of the imposition of a restitution fine that exceeded the statutory minimum, results in a forfeiture of any challenge to the trial court's imposition of the fines. (*People v. Nelson* (2011) 51 Cal.4th 198, 227; see *People v. Jenkins* (2019) 40 Cal.App.5th 30, 39-41 [arguments forfeited where defendant did not object to statutory maximum restitution fee]; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1061 [same]; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033 [same]; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153-1154 (*Frandsen*) [same].)

Even had Easley not forfeited this argument, we would find no constitutional error. As we explained in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844 (*Kopp*),[5] "[t]here is no due process requirement that the court hold an ability to pay hearing before imposing a punitive fine and only impose the fine if it determines the defendant can afford to pay it." (*Id.* at pp. 96-97.)

Further, there is no error based on the decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157. There, the court based its due process analysis on a right of access to the courts and a bar to incarceration based on the failure to pay criminal penalties when that failure is not willful. (*Id.* at pp. 1165-1169.) In contrast, Easley was not denied access to the courts and the incarceration that was imposed was not based on his failure to pay fines.

---

[5]     We cite *Kopp* in accordance with California Rules of Court, rule 8.1115(e)(1).

10

Thus, *Dueñas* is not applicable. (See *People v. Hicks* (2019) 40 Cal.App.5th 320, 325, review granted Nov. 26, 2019, S258946.)[6]

Instead, because the restitution fine is intended to punish a defendant (*People v. Hanson* (2000) 23 Cal.4th 355, 361-362), it should be evaluated under the excessive fines clause of the Eighth Amendment of the federal Constitution and article I, section 17 of the California Constitution (*Kopp*, *supra*, 38 Cal.App.5th at pp. 96-97, review granted).

"The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality." (*United States v. Bajakajian* (1998) 524 U.S. 321, 334.) Courts consider four factors: (1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) penalties imposed in similar statutes; and (4) a defendant's ability to pay. (*Id.* at pp. 337-338; see *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728 [adopting the same four factors].) The inability to pay a fine does not, in itself, make a fine unconstitutionally excessive because it is not the only factor. (See *Bajakajian*, at pp. 337-338; see also *R.J. Reynolds*, at pp. 729-730 [discussing other factors as relevant].) We review a determination regarding excessive finds for abuse of discretion. (See *People v. Potts* (2019) 6 Cal.5th 1012, 1055; see also *People v. Lewis* (2009) 46 Cal.4th 1255, 1321.)

The restitution fine is not grossly disproportionate to the gravity of the offense. The defendant shot the victim in the head and showed no remorse for his actions. The court considered the great violence and death Easley caused. While Easley did not ask the court to consider his ability to pay, his attorney asked for the minimum based on the length of the sentence

---

6       We cite *Hicks* for its persuasive value in accordance with California Rules of Court, rule 8.1115(e)(1).

requested. The court took note of the request and also noted possible restitution to the victim, to which it wanted to prioritize restitution payments. Although the probation department recommended a restitution fine of $10,000, the trial court imposed a substantially smaller amount, $500, and reserved on the issue of victim restitution. These facts indicate the $500 restitution fine was not excessive in light of the crime here.

Further, Easley did not request an ability-to-pay hearing, and the court did not hold one, but nothing in the record points to circumstances that cast doubt on Easley's ability to obtain funds for payment in the future. Future earnings, including prison wages, can demonstrate the ability to satisfy fines and assessments. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490; *Kopp*, *supra*, 38 Cal.App.5th at p. 96, review granted; *People v. Frye* (1994) 21 Cal.App.4th 1483, 1487.)

Easley argues that despite our courts historically holding that an incarcerated person has the ability to pay fines out of future prison wages, we should reach a different conclusion here because inmates are paid small sums which are charged an administrative fee and then garnished to pay the court-ordered sums.[7] However, as long as prison wages allow a defendant to "begin paying at least some of the imposed" fines and assessments, these monetary orders do not violate the excessive fines clause. (*People v. Lowery* (2020) 43 Cal.App.5th 1046, 1060; *People v. Johnson* (2019) 35 Cal.App.5th 134, 139-140 [defendant had ability to earn wages during prison sentence].)

---

[7] We grant Easley's request for judicial notice of the statement made on the California Department of Corrections and Rehabilitation's (CDCR) official website (see Evid. Code, § 452, subd. (h)) that it can take 55 percent of prison wages earned to collect court-ordered restitution. (See also § 2085.5, subd. (a) [CDCR can deduct 20 to 50 percent of wages or balance owing on the restitution fine amount imposed in accordance with section 1202.4, subd. (b), whichever is less].) (Stats 2021, ch. 257, § 36.)

Accordingly, the court did not abuse its discretion in imposing the $500 restitution fine.

## 2. *Fees and Assessments*

Easley argues his due process rights were violated by the imposition of fees and assessments. He also asks us to treat the court security fee and conviction assessment as punitive impositions that require consideration under an excessive fines analysis. Easley directs us to *People v. Cowan* (2020) 47 Cal.App.5th 32, 48-49, review granted June 17, 2020, S261952 (*Cowan*), a First Appellate District, Division Four opinion.

The court in *Cowan* held that "a sentencing court may not impose court operations or facilities assessments or restitution fines without giving the defendant, **on request**, an opportunity to present evidence and argument why such monetary exactions exceed his ability to pay." (*Cowan*, *supra*, 47 Cal.App.5th at p. 48 [emphasis added].) *Cowan* is distinguishable from the case before us because, unlike the defendant in *Cowan* who objected to the imposition of fees and assessment at sentencing (*id.* at p. 34), Easley did not object. Additionally, although Easley had the opportunity and incentive at sentencing to object for lack of ability to pay the restitution fine, he did not. If Easley chose not to object to the $500 restitution fine, which exceeded the $300 statutory minimum (see § 1202.4, subd. (b)), he would not have objected to the additional $70 in fees. Accordingly, Easley forfeited any challenge to the assessments and fees for failure to object to their imposition at sentencing. (See *People v. Gutierrez*, *supra*, 35 Cal.App.5th at p. 1033 [failure to challenge restitution fine greater than minimum for inability to pay forfeits objection to fees on same grounds]; *Frandsen*, *supra*, 33 Cal.App.5th at pp. 1154-1155.)

*Cowan* also concludes that "the Legislature's court-funding objectives in enacting Government Code section 70373 and Penal Code section 1465.8 unmistakably point to a non-punitive intent" but ultimately concludes that because the fees and assessments are conditioned on a criminal conviction, they are partially punitive in nature and therefore must be treated as "fines" and analyzed under the federal and state constitutional provisions prohibiting excessive fines. (*Cowan, supra*, 47 Cal.App.5th. at p. 45.) We disagree.

How the high court will resolve the issues surrounding the fines and fees imposed by courts at sentencing remains to be seen.[8] Until further guidance on this issue, we will continue to follow *Kopp, supra*, 38 Cal.App.5th 47, review granted. As we explained in *Kopp*, the court facilities and operations assessments under Penal Code section 1465.8 and Government Code section 70373 "are not punitive in nature." (*Kopp*, at p. 95; see also *People v. Alford* (2007) 42 Cal.4th 749, 756-757, 759 [Pen. Code, § 1465.8]; *People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1111-1112 [Gov. Code, § 70373].) Thus, they are not subject to the excessive fines clause of the Eighth Amendment of the federal Constitution and article I, section 17 of the California Constitution.

Even were the $70 in court security fee and conviction assessment properly analyzed as potentially-excessive fines, we would, for the reasons we previously explained regarding the restitution fine, likewise conclude the court did not abuse its discretion imposing these amounts.

---

[8] The Supreme Court has granted review in *Kopp* and will determine whether a trial court must "consider a defendant's ability to pay before imposing or executing fines, fees, and assessments," and "[i]f so, which party bears the burden regarding the defendant's ability to pay." (*People v. Kopp* (2019) 2019 Cal. LEXIS 8371, 451 P.3d 776, 254 Cal.Rptr.3d 637, (Mem.).)

14

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

DO, J.