Filed 6/9/22  P. v. Ayala CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>JOSE AYALA,<br><br>　　Defendant and Appellant. | F081454<br><br>(Super. Ct. No. VCF266152)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Kathryn T. Montejano, Judge.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Brook A. Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

The charges in this case arose from multiple sexual offenses allegedly committed by defendant Jose Ayala between 2010 and 2012 against a victim under the age of 14 years.[1]  This appeal follows defendant's conviction on one count by plea and sentencing.  As discussed herein, defendant's appeal is dismissed in part as barred by his waiver of appellate rights and in part because the postappeal fines and fees order he challenges was entered in the absence of jurisdiction, rendering it unappealable.  As to the remaining issues, we strike the unauthorized fine of $1,000 imposed under Penal Code section 294, subdivision (b),[2] and we remand the matter for further proceedings in light of the trial court's failure to impose the mandatory penalty assessments attached to the $300 fine under section 290.3, subdivision (a).

## PROCEDURAL BACKGROUND

In 2019, defendant was charged with the following five offenses:  one count of committing a lewd or lascivious act against a child under the age of 14 years (count 1), two counts of kidnapping for the purpose of child molestation (counts 2 and 3), and two counts of kidnapping by force or fear (counts 4 and 5).  (§§ 288, subd. (a), 207, subds. (a), (b).)  As to count 1, the information alleged personal infliction of great bodily injury (GBI) and kidnap of a victim under the age of 14 years (§§ 12022.7, subd. (a), 667.8, subd. (b)), "substantial sexual conduct with a victim who is under 14 years of age" (§ 1203.066, subd. (a)(8)), and personal infliction of GBI and bodily harm on a victim under the age of 14 years within the meaning of the One Strike law (§ 667.61, subd. (d)(6)–(7)).[3]  As to counts 1, 2, and 3, the information alleged that defendant

---

[1]    We need not summarize the underlying facts, as they are not relevant to the issues raised on appeal.

[2]    All further statutory references are to the Penal Code unless otherwise stated.

[3]    At the preliminary hearing, the prosecution presented evidence that in 2011, the victim gave birth to a child fathered by defendant.  The GBI allegations were based on the victim's pregnancy.

2.

suffered one prior serious or violent felony conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and alleged a prior serious felony conviction enhancement and prior prison term enhancement (§§ 667, subd. (a)(1), 667.5, subd. (a)).  Finally, as to counts 4 and 5, the information alleged an alternate penalty provision for kidnap of a victim under the age of 14 years by a nonparent or guardian.  (§ 208, subd. (b).)

Facing a lengthy indeterminate prison term, in January 2020, defendant pleaded no contest to count 1 and the GBI, the prior felony conviction, and the prior prison term enhancements in exchange for a 17-year prison sentence comprised of the middle term of six years on count 1 and consecutive sentences of three years for the GBI enhancement, five years for the prior felony conviction enhancement, and three years for the prior prison term enhancement.  When defendant entered his plea, the trial court advised him he may be required to pay restitution and pay a restitution fine of between $300 and $10,000.  As a term of the plea bargain, defendant waived his right to appeal.

In July 2020, defendant was sentenced to a total determinate term of 17 years in prison, in accordance with the plea bargain.  In addition, the trial court imposed a restitution fine of $5,100 under Penal Code section 1202.4, subdivision (b)(1); a parole revocation restitution fine of $5,100 under Penal Code section 1202.45, subdivision (a), suspended; a court operations assessment of $40 under Penal Code section 1465.8, subdivision (a)(1); a court facilities assessment of $30 under Government Code section 70373, subdivision (a)(1); a sex offense restitution fine of $1,000 under Penal Code section 294, subdivision (b); and a sex offender fine of $300 under Penal Code section 290.3, subdivision (a).

Defendant filed a timely notice of appeal and obtained a certificate of probable cause from the trial court.  (§§ 1237, 1237.5.)

On appeal, defendant claims imposition of both the prior serious felony conviction enhancement and the prior prison term enhancement resulted in an unauthorized

3.

sentence, the claim is cognizable notwithstanding his waiver of appellate rights, and the prior prison term enhancement must be stricken. (*People v. Jones* (1993) 5 Cal.4th 1142, 1150 ["[W]hen multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply."]; accord, *People v. Scully* (2021) 11 Cal.5th 542, 612.) Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant also claims that trial counsel's failure to object to the fines and fees constituted ineffective assistance of counsel and, in supplemental briefing, he claims the trial court erred when it denied in part his postappeal request for relief from the fines and fees.

The People argue that defendant waived his right to appeal imposition of the prior felony conviction enhancement, the prior prison term enhancement and the restitution fine. Regarding his *Dueñas* claim, the People argue defendant fails to show that trial counsel was ineffective or that he suffered prejudice. They also argue the trial court lacked jurisdiction to rule on defendant's postappeal motion for relief from the fines and fees.

We directed the parties to file supplemental briefs on the issues of error and, assuming error, remedy with respect to the trial court's imposition of a sex offense fine under section 294, subdivision (b), and its failure to include the penalty assessments when it imposed a sex offender restitution fine under section 290.3, subdivision (a). (Gov. Code, § 68081.) The parties agree that the trial court erred as to both issues; the unauthorized sex offense fine should be stricken; and the matter should be remanded to the trial court regarding imposition of the penalty assessments attached to the sex offender fine.

As set forth below, we conclude that defendant waived his right to appeal imposition of the five-year prior felony conviction enhancement, three-year prior prison term enhancement, and restitution fine of $5,100; and we conclude that the trial court lacked jurisdiction to address defendant's postappeal motion for relief from fines and

4.

fees.  Therefore, defendant's appeal is dismissed as to those issues.  However, the trial court erred when it imposed a fine under section 294, subdivision (b), which does not apply to convictions under section 288, and it erred when it failed to impose the penalty assessments attached to the fine under section 290.3, subdivision (a).  We agree with the parties that remand is the appropriate remedy under the circumstances and, as a result, need not reach defendant's remaining claim concerning imposition of $70 in court assessments.

## DISCUSSION

### I. Waiver of Right to Appeal Bars Challenge to Imposition of Prior Felony Conviction and Prior Prison Term Enhancements

#### A. Background

Defendant acknowledges he waived his right to appeal as a term of the plea bargain but, relying on *People v. Sherrick*, he takes the position that the waiver does not bar his challenge to future sentencing errors occurring after his plea.  (*People v. Sherrick* (1993) 19 Cal.App.4th 657, 659 [general waiver of appellate rights does not include errors occurring after entry of waiver].)  He also argues that we may correct this aspect of his sentence on review because it was unauthorized, and the court lacked fundamental jurisdiction to impose the sentence.  (*People v. Hester* (2000) 22 Cal.4th 290, 295 (*Hester*).)

We conclude these arguments lack merit.  The trial court had jurisdiction over the subject matter and the parties when it pronounced defendant's sentence (*People v. Chavez* (2018) 4 Cal.5th 771, 780 (*Chavez*)), and given that the parties bargained for the specific sentence later imposed, the general rule permitting correction of an unauthorized sentence on review does not apply (*Hester, supr*a, 22 Cal.4th at p. 295; *People v. Panizzon* (1996) 13 Cal.4th 68, 85–86 (*Panizzon*)).

## B. Legal Principles

"[A] defendant [may] waive the right to appeal as part of the [plea] agreement," as long as the waiver is "knowing, intelligent, and voluntary." (*Panizzon, supra*, 13 Cal.4th at p. 80, citing *People v. Vargas* (1993) 13 Cal.App.4th 1653, 1659.) "'[A] waiver that is nonspecific, e.g., "I waive my appeal rights" or "I waive my right to appeal any ruling in this case,"' is considered a general waiver." (*People v. Becerra* (2019) 32 Cal.App.5th 178, 186, quoting *Panizzon, supra*, at p. 85, fn. 11.) As relied on by defendant in support of his argument, "'[a] broad or general waiver of appeal rights ordinarily includes error occurring before but not after the waiver because the defendant could not knowingly and intelligently waive the right to appeal any unforeseen or unknown future error. [Citation.]'" (*Becerra, supra*, at p. 186, italics omitted, quoting *People v. Mumm* (2002) 98 Cal.App.4th 812, 815.)

"'"A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles. [Citations.]' (*People v. Shelton* (2006) 37 Cal.4th 759, 767 (*Shelton*).) Likewise, '[b]ecause waivers of appellate rights are ordinarily found in the context of a plea bargain, the scope of the waiver is approached like a question of contract interpretation—to what did the parties expressly or by reasonable implication agree? [Citations.]' (*In re Uriah R.* (1999) 70 Cal.App.4th 1152, 1157.) [¶] '"The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. [Citation.] If contractual language is clear and explicit, it governs. [Citation.]" … "The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties. [Citations.]" [Citations.]' (*Shelton, supra*, 37 Cal.4th at p. 767.)" (*People v. Becerra, supra*, 32 Cal.App.5th at pp. 188–189.)

## C.     Analysis

The trial court imposed the specific sentence the parties bargained for and, therefore, the error defendant now complains of was not a future error outside of defendant's contemplation at the time he waived his appellate rights.  (*Panizzon, supra*, 13 Cal.4th at pp. 85–86.)  As explained in *Panizzon*, "Not only did the plea agreement in this case specify the sentence to be imposed, but by its very terms the waiver of appellate rights also specifically extended to any right to appeal such sentence.  Thus, what defendant seeks here is appellate review of an integral element of the negotiated plea agreement, as opposed to a matter left open or unaddressed by the deal.  Since both the length of the sentence and the right to appeal the sentence are issues that cannot fairly be characterized as falling outside of defendant's contemplation and knowledge when the waiver was made, the reasoning of *People v. Sherrick, supra*, [19 Cal.App.4th 657] and *People v. Vargas, supra*, [13 Cal.App.4th 1653] is inapposite." (*Id.* at pp. 85–86; accord, *People v. Buttram* (2003) 30 Cal.4th 773, 776–777.)  *Panizzon* is controlling here, and defendant's challenge to imposition of the five-year prior serious felony conviction enhancement and the three-year prior prison term enhancement is not reviewable.[4]

Defendant's argument that we may nevertheless review his sentence because it was unauthorized and imposed in the absence of fundamental jurisdiction is also unavailing.  Generally, "[a] claim that a sentence is unauthorized may be raised for the first time on appeal, and is subject to correction whenever the error comes to the attention of the reviewing court." (*People v. Barnwell* (2007) 41 Cal.4th 1038, 1048, fn. 7, citing *People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6; accord, *In re Sheena K.* (2007) 40

---

[4]     We recognize that section 1016.8, added to the Penal Code effective January 1, 2020, provides, in relevant part, "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." However, defendant's challenge is not based on any intervening change in the law.  (*Id.*, subd. (b).)

Cal.4th 875, 886–887.)  However, as defendant acknowledges, this narrow exception to the forfeiture doctrine has its own exception:  "Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction."  (*Hester, supra*, 22 Cal.4th at p. 295.)

"Fundamental jurisdiction is, at its core, authority over both the subject matter and the parties.  [Citations.]  When a court lacks fundamental jurisdiction, its ruling is void.  A claim based on a lack of fundamental jurisdiction may be raised at any point in a proceeding, including for the first time on appeal.  [Citations.]  The ability to lodge objections against a court's fundamental jurisdiction late in the proceeding is a consequence of the fact that such jurisdiction cannot be conferred by acts or omissions of the parties."  (*Chavez, supra*, 4 Cal.5th at p. 780; accord, *People v. Ford* (2015) 61 Cal.4th 282, 286.)

In contrast, "[e]ven when there is no question that a court's action is well within the scope of its fundamental jurisdiction, the court may still exceed constraints placed on it by statutes, the Constitution, or common law.  [Citation.]  When a trial court fails to act within the manner prescribed by such sources of law, it is said to have taken an ordinary act in excess of jurisdiction.  [Citation.]  Such 'ordinary' jurisdiction, unlike fundamental jurisdiction, can be conferred by the parties' decisions—such as a decision not to object to any perceived deficiency—and so is subject to defenses like estoppel, waiver, and consent."  (*Chavez, supra*, 4 Cal.5th at p. 780, fn. omitted; accord, *People v. Ford, supra*, 61 Cal.4th at pp. 286–287.)

In this case, the trial court unquestionably had fundamental jurisdiction over the subject matter and the parties when it sentenced defendant (*Chavez, supra*, 4 Cal.5th at p. 780; *People v. Ford, supra*, 61 Cal.4th at p. 286), and because the parties bargained for a specific prison sentence of 17 years that included the five-year prior serious felony conviction enhancement and the three-year prior prison term enhancement, the

8.

unauthorized sentence exception does not apply (*Hester, supra*, 22 Cal.4th at p. 295). Defendant waived his right to appeal the prison sentence imposed, which included these enhancements, and, therefore, his appeal is dismissed as to this claim.

## II. *Dueñas* Challenge to Fines and Fees

### A. Right to Appeal Restitution and Parole Revocation Restitution Fines Waived

With respect to his challenge to imposition of fines and fees, defendant advances the same argument regarding the inapplicability of his waiver of appellate rights. We reject this argument as it relates to the restitution fines imposed under sections 1202.4, subdivision (b)(1), and 1202.45, subdivision (a), on the same grounds previously discussed.

At the time defendant entered his plea and waived his right to appeal, the trial court specifically advised him that he may be required to pay a restitution fine between $300 and $10,000. Defendant responded affirmatively when asked if he understood. Under these circumstances, we are unpersuaded by defendant's argument that imposition of the $5,100 restitution fine, and by necessity, the suspended parole revocation restitution fine, was a sentencing issue that was outside the scope of his waiver.[5] (*Panizzon, supra*, 13 Cal.4th at pp. 85–86.) Furthermore, the decision in *Dueñas*, on which defendant relies, was issued approximately one year before his January 2020 plea and almost one and one-half years before his July 2020 sentencing. Thus, prior to entry of his plea and his sentencing, defendant was on notice of the decision. (§ 1016.8.) Accordingly, we find that defendant waived his right to appeal imposition of the $5,100 restitution fine and the suspended parole revocation restitution fine. His appeal is also dismissed as to that issue.

---

[5] "'Under section 1202.45, a trial court has *no* choice and *must* impose a parole revocation fine equal to the restitution fine whenever the "sentence includes a period of parole."'" (*People v. Preston* (2015) 239 Cal.App.4th 415, 425, quoting *People v. Smith* (2001) 24 Cal.4th 849, 853.)

## B.    Remaining Fines and Fees

### 1.    Trial Court's Postappeal Order

We next turn to defendant's appeal of the trial court's order granting in part and denying in part his request for relief from the fines and fees. As stated, defendant filed a timely notice of appeal following his July 2020 sentencing and obtained a certificate of probable cause. Thereafter, in September 2020, appellate counsel sent a letter to the trial court requesting relief from the fines and fees. Approximately one week later, the trial court issued an order finding that defendant forfeited his claim for relief from the restitution fine because he failed to object and that an ability-to-pay hearing was not required under *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1071–1072 and *People v. Son* (2020) 49 Cal.App.5th 565, 594–595 (*Son*). Citing *Son*, the trial court vacated the court assessments totaling $70. (*Son, supra*, at pp. 590–592.)[6] The court did not address the sex offense and sex offender fines totaling $1,300.

The parties disagree whether the trial court had jurisdiction to consider defendant's postappeal request. If the court lacked jurisdiction to act, its order is void

---

[6]    As explained in *People v. Montes* (2021) 59 Cal.App.5th 1107, 1116–1117, "the majority in *Son* concluded that remand to allow the parties to make a record on the defendant's ability to pay was appropriate, but the panel was otherwise divided. (*Son, supra*, 49 Cal.App.5th at p. 598.) Justice Smith declined the People's invitation to limit challenges to fines and fees to the Eighth Amendment's excessive fines clause (*Son,* at p. 596, fn. 20), but concluded that a restitution fine, as punishment, survives rational basis review and may be imposed on an indigent litigant without regard to ability to pay (*id.* at p. 595). With respect to nonpunitive court facilities and court operations assessments, Justice Smith concluded that whether considered under the due process or equal protection clause, the imposition of the assessments on indigent defendants does not survive strict scrutiny and violates the Constitution. (*Son,* at pp. 589–590.) Justice Snauffer concurred in the disposition, but did not join in or express a view on whether restitution fines are always punitive and therefore not subject to an ability-to-pay challenge. (*Id.* at pp. 598–599 (conc. opn. of Snauffer, J.).) Justice Franson, who concurred in part and dissented in part, distinguished *Dueñas* on its facts but concluded that even if a constitutional error is presumed, remand is unnecessary because the error is harmless beyond a reasonable doubt. (*Id.* at p. 599 (conc. & dis. opn. of Franson, J.).)" (Fn. omitted.)

and is not appealable.  (*People v. King* (2022) 77 Cal.App.5th 629, 634–635 (*King*); *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 (*Torres*).)**7**

Neither defendant's letter nor the trial court's order identified the source of the trial court's postappeal jurisdiction but, on review, both parties rely on section 1237.2, which provides:

> "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  *This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal*."  (Italics added.)

The People argue that section 1237.2 grants the trial court jurisdiction to act only if the sole issue raised on appeal is a challenge to fines or fees, and here, defendant's appeal was not limited to a fines and fees issue.  Relying on *Torres*, defendant contends that the People's position "is nonsensical" and contrary to legislative intent.  (*Torres, supra*, 44 Cal.App.5th at p. 1088.)

"The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the

---

**7**     In *Torres*, which addressed jurisdiction under section 1237.2, the Court of Appeal stated, "Unauthorized sentences and ""obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings"" are correctable at any time."  (*Torres, supra*, 44 Cal.App.5th at p. 1085.)  In *In re G.C.* (2020) 8 Cal.5th 1119, which was issued a few weeks after the decision in *Torres*, the California Supreme Court agreed with the underlying appellate decision that the unauthorized sentence "'rule is an exception to the *waiver doctrine* [citation], not to the *jurisdictional* requirement of a timely notice of appeal'" (*G.C., supra*, at p. 1129), and to invoke the rule, "the court must have jurisdiction over the judgement" (*id.* at p. 1130).  The Court of Appeal in *King* noted that the statement in *Torres* was both dictum and subsequently contradicted by *G.C.*  (*King, supra*, 77 Cal.App.5th at p. 638.)

11.

sentence.' [Citations.] And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.'" (*King, supra*, 77 Cal.App.5th at p. 634; accord, *Torres, supra*, 44 Cal.App.5th at p. 1084; *People v. Jenkins* (2019) 40 Cal.App.5th 30, 37 (*Jenkins*).) There are some exceptions to the rule, however, including section 1237.2.

"The scheme established by section 1237.2 reflects, fundamentally, a concern for judicial economy. [Citation.] The general rule is that exclusive jurisdiction shifts to the appellate court once a notice of appeal is filed, but since the review of "'erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs'" on appeal may needlessly force the expenditure of appellate resources, the statute carves out an exception preserving trial court jurisdiction to address such error. [Citations.] But the exception is limited. Erroneous imposition or calculation of 'fines, penalty assessments, surcharges, fees, or costs' must be the 'sole issue' presented on appeal. (§ 1237.2.)

"By its terms, the exception does not apply in appeals where the appellate court must deal with other issues not falling into that category. [Citation.] '[I]f issues *other than* the imposition or calculation of such fines, assessments, and fees are being appealed, … the limited exception provided by section 1237.2 to section 1235 no longer applies. In this situation, a defendant must seek relief in the Court of Appeal for any issue regarding the imposition or calculation of fines, assessments, and fees, including, if necessary, by requesting leave to file a supplemental brief. (See Cal. Rules of Court, rule 8.200(a)(4).) The Court of Appeal then decides *all* the issues of the case, preventing piecemeal litigation in separate forums.'" (*People v. Clark* (2021) 67 Cal.App.5th 248, 255–256; accord, *Torres, supra*, 44 Cal.App.5th at pp. 1086–1087; *Jenkins, supra*, 40 Cal.App.5th at pp. 37–39; *People v. Jordan* (2018) 21 Cal.App.5th 1136, 1142–1143 (*Jordan*).)

Defendant relies on *Torres* for support and seeks to distinguish *Jenkins* and *Jordan*, cited by the People. However, *Torres* expressly provides that "a defendant who

discovers an applicable error after he or she files a notice of appeal from the judgment of conviction must (*if no other error is asserted on appeal*) file a motion to correct the error in the trial court; and, under these circumstances, the trial court shall have the power to rule on such a motion." (*Torres, supra*, 44 Cal.App.5th at p. 1086, italics added.) Further, *Jenkins* and *Jordan* are directly on point for the proposition that section 1237.2 applies only where a challenge to the imposition of fines and fees is the sole issue raised on appeal. (*Jenkins, supra*, 40 Cal.App.5th at pp. 37–39; *Jordan, supra*, 21 Cal.App.5th at pp. 1142–1143.)

As the Court of Appeal explained in *Jordan*, "Section 1237.2 and the legislative history behind it, mandate that a defendant timely raise his penalty assessment claims to conserve judicial resources and efficiently present claims in a single forum. [Citation.] This means that a defendant must either file a motion to correct sentence with the trial court when the sole issue he or she seeks to challenge is one proscribed in section 1237.2, or file an appellate brief including this issue when a defendant seeks to challenge issues in addition to the issues proscribed in section 1237.2. Pursuing an appeal, while also pursuing a motion to correct sentence, accomplishes the opposite goal the Legislature was trying to accomplish …." (*Jordan, supra*, 21 Cal.App.5th at pp. 1142–1143.)

In this case, defendant's notice of appeal and subsequent appellate brief raised issues beyond a challenge to imposition of the fines and fees. Therefore, the trial court did not have jurisdiction to rule on defendant's request pursuant to section 1237.2.[8] (*People v. Clark, supra*, 67 Cal.App.5th at pp. 255–256; *Jenkins, supra*, 40 Cal.App.5th at pp. 37–39; *Jordan, supra*, 21 Cal.App.5th at pp. 1142–1143; *Torres, supra*, 44

---

[8]    Defendant did not invite the trial court to recall his sentence under former section 1170, subdivision (d)(1), now section 1170.03 (*People v. Loper* (2015) 60 Cal.4th 1155, 1167 [defendants may invite trial court to recall sentence]), and neither party has raised the issue on review (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99 [potential arguments not raised are waived]).

Cal.App.5th at p. 1086.) The trial court's order is void and unappealable, and defendant's appeal is dismissed as to the matter.[9]

### C.  Sex Offense Restitution Fine and Sex Offender Restitution Fine

The trial court imposed a $1,000 restitution fine under section 294, subdivision (b), which provides for imposition of a restitution fine not to exceed $5,000 for certain sex offenses where the victim was under the age of 14 years. However, section 288 is not one of the offenses enumerated under either subdivision (a) or subdivision (b) of section 294. Although defendant did not object, the parties agree that imposition of this fine was unauthorized and, therefore, it must be stricken. (§ 1260; *People v. Rivera* (2019) 7 Cal.5th 306, 348–349.)

The trial court also imposed a sex offender fine of $300 under Penal Code section 290.3, subdivision (a), but neglected to impose the mandatory penalty assessments. (*People v. Soto* (2016) 245 Cal.App.4th 1219, 1240; *People v. Hamed* (2013) 221 Cal.App.4th 928, 940–941 & fn. 7; *People v. Walz* (2008) 160 Cal.App.4th 1364, 1371–1372.) Given the base fine of $300, the mandatory assessments totaling $870 are as follows: $300 (Pen. Code, § 1464, subd. (a)(1)); $60 (Pen. Code, 1465.7, subd. (a)); $150 (Gov. Code, § 70372, subd. (a)(1)); $210 (Gov. Code, § 76000, subd. (a)(1)); $30 (Gov. Code, § 76104.6, subd. (a)(1)); and $120 (Gov. Code, § 76104.7). In addition, there may be an emergency medical services penalty of $60, if levied by the board of supervisors for Tulare County. (Gov. Code, § 76000.5, subd. (a)(1); *People v. Soto, supra*, at p. 1240, fn. 12.) With the inclusion of this penalty, the total would be $930.

---

**9**     As discussed, defendant waived his right to appeal imposition of the $5,100 restitution fine. Our consideration of the trial court's postappeal order and resolution on jurisdictional grounds should not be interpreted as indicating we would otherwise overlook the waiver and entertain his challenge to the order as related to the restitution fine.

The parties agree that having elected to impose the sex offender fine, imposition of the penalty assessments was mandatory. Defendant claims the matter should be remanded to allow for an ability-to-pay determination "in light of his total financial obligations." (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1250; accord, *People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1531–1532.) As the People point out, given elimination of the $1,000 sex offense fine, imposition of the penalty assessments does not result in any added financial burden. Nevertheless, the People agree that remand is appropriate because it cannot be determined from the record whether the penalty under Government Code section 76000.5 applies, and they were unable to locate evidence on the matter that would support resolution via judicial notice. (*People v. Hamed, supra*, 221 Cal.App.4th at pp. 940–941 & fn. 7.)

We recognize that there is authority for correction on review where only a minor increase in financial burden results and, here, imposition of the penalty assessments would not result in any increase in financial burden given elimination of the $1,000 sex offense restitution fine. (*People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1112–1113 [remand not in the interest of justice or common sense where additional fine was in the minor amount of $32].) We need not determine whether we find *People v. Knightbent* persuasive on this point, however, because we accept the People's concession that remand is necessary to allow the parties and the trial court to consider the matter. On remand, the trial court shall ensure it makes an adequate record of its ultimate determination regarding imposition of fines, fees, and assessments, and shall ensure the abstract of judgment reflects its determination. (*People v. Valenzuela, supra*, 172 Cal.App.4th at p. 1250.)

In light of the remand, defendant's remaining challenge to the court assessments of $40 imposed under Penal Code section 1465.8 and $30 imposed under Government Code section 70373, and his ineffective assistance claim premised on the failure to object, are rendered moot.

## DISPOSITION

Defendant's appeal challenging imposition of the five-year prior felony conviction and three-year prior prison term enhancements is dismissed, and his appeal of the trial court's postappeal order granting in part and denying in part his request for relief from fines and fees is dismissed. The $1,000 sex offense fine imposed under section 294, subdivision (b), is stricken as unauthorized, and this matter is remanded for further proceedings as to imposition of the mandatory penalty assessments attached to the sex offender fine imposed under section 290.3, subdivision (a). Following its determination on the matter, the trial court shall forward an amended abstract of judgment to the appropriate authorities (1) reflecting its orders and (2) omitting the fine imposed under section 294, subdivision (b). Except as modified, the judgment is affirmed.

MEEHAN, J.

WE CONCUR:


LEVY, Acting P. J.


DeSANTOS, J.

16.